380 So.2d 1123 (1980)
Vicente RODRIGUEZ, a/K/a Vincente Rodriguez, a/K/a Vicente Rodriguez, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 79-19.
District Court of Appeal of Florida, Second District.
March 5, 1980.
Jack O. Johnson, Public Defender, Bartow, and Thomas J. Sherwood, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Vicente Rodriguez, a/k/a Vincente Rodriguez, a/k/a Vicente Rodriguez, Jr., appeals his conviction and sentence for robbery with a firearm. We affirm the conviction but remand for correction of the sentence.
The only point appellant raises which has merit is his contention that the trial court erred in retaining jurisdiction for the first third of his sentence pursuant to Section 947.16(3), Florida Statutes (1978 Supp.).
The date of the offense with which appellant was charged was February 13, 1978. The effective date of the amendment to Section 947.16 allowing the trial court to retain jurisdiction to review a parole release order during the first third of the sentence of a person convicted of any of the enumerated crimes, including robbery, was June 19, 1978. Appellant was convicted and sentenced on September 20, 1978.
We agree with appellant that Section 947.16(3), Florida Statutes (1978) is an ex post facto law as applied to him. An ex post facto law, which is prohibited by Article I, Section 10, Florida Constitution, is *1124 defined as "[o]ne which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences alters the situation of a party to his disadvantage." Higginbotham v. State, 88 Fla. 26, 31, 101 So. 233, 235 (1924) (emphasis added). The challenged amendment to Section 947.16 clearly does alter appellant's situation to his disadvantage.
A law is ex post facto when applied to an offense which occurred before the law became effective. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977). "[T]he significant event as far as judging the ex post facto effect is the date of the offense rather than the conviction." Greene v. State, 238 So.2d 296, 301 (Fla. 1970). Inasmuch as appellant's offense was committed prior to the effective date of the statute in question, application of this law to him would be ex post facto in effect and therefore cannot apply to him.
Accordingly, appellant's conviction and sentence are affirmed; however, the cause is remanded with directions to delete from the sentence the trial court's reservation of jurisdiction.
SCHEB and CAMPBELL, JJ., concur.