PER CURIAM.
The state charged appellant with attempted sexual battery by a person eighteen years of age or older upon a child eleven years of age or younger. Pursuant to a plea bargain, he pled guilty to the offense of lewd assault upon a child under the age of fourteen years. The conditions of the bargain were that he would be considered for treatment as a mentally disordered sex offender but, in any event, would receive a prison sentence of no longer than ten years. Subsequently, the court ordered appellant treated as a mentally disordered sex offender and, upon the completion of the treatment, sentenced him to nine years in prison, retaining jurisdiction over the first one third of the sentence.
Despite the fact that appellant’s sentence was within the terms of the plea bargain, he contends that the court erroneously adjudicated him guilty of attempted sexual battery, the maximum penalty for which was thirty years, rather than lewd assault, the maximum penalty for which was fifteen years. He argues that the court may have imposed a higher sentence under the misapprehension that he had committed a first degree felony rather than a second degree felony.
*549 It does appear that the court adjudicated appellant guilty of attempted sexual battery and sentenced him for that crime. Nevertheless, it is evident from the record that the judge knew the details of appellant’s offense and had studied appellant’s PSI. We are satisfied that the judge knew what punishment he thought was appropriate for appellant and that it would have made no difference had he realized that the crime for which appellant was being sentenced was lewd assault rather than attempted sexual battery. Therefore, since the resentencing of appellant would serve no purpose, we direct that the records be corrected to reflect appellant’s conviction for lewd assault.
We also vacate the court’s reservation of jurisdiction over the first one third of the sentence because appellant committed the offense prior to June 19, 1978, the effective date of section 947.16(3) Florida Statutes (Supp.1978). Rodriguez v. State, 380 So.2d 1123 (Fla.2d DCA 1980).
GRIMES, Acting C.J., and OTT and RYDER, JJ., concur.