482 So.2d 1350 (1985)
STATE of Florida, Petitioner,
v.
Cecil B. STACEY, Respondent.
No. 66447.
Supreme Court of Florida.
October 17, 1985.
Rehearing Denied January 7, 1986.
Jim Smith, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for petitioner.
Cecil B. Stacey, in pro. per.
SHAW, Justice.
This cause is before us to review Stacey v. State, 461 So.2d 1000 (Fla. 1st DCA 1984). We have jurisdiction because the court below misapplied controlling case law to the facts of the case.[1] Art. V, § 3(b)(3), Fla. Const.
Respondent was found guilty of armed robbery with a firearm and sentenced to ninety-nine years in prison. The trial court retained jurisdiction for one-third of the sentence in accordance with section 947.16(3), Florida Statutes (Supp. 1978). No objection was made at trial to the retention of jurisdiction. Appellate counsel, apparently finding no grounds for reversal, filed a brief pursuant to Anders v. California, *1351 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The district court affirmed the conviction and sentence in Stacey v. State, 421 So.2d 824 (Fla. 1st DCA 1982). Subsequently, respondent filed a pro se motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 alleging, among other things, that the trial court erred in retaining jurisdiction over the first one-third of the sentence because the crime for which he was convicted was committed before the effective date of section 947.16(3). The trial court summarily denied the motion on the grounds that retention of jurisdiction was not objected to at trial and was thus unreviewable on direct appeal or by 3.850 proceedings, and that the record refuted the remaining allegations of ineffective assistance of counsel. On review the district court held that failure to object to retention of jurisdiction did not preclude review on a rule 3.850 motion. The court also noted that if it were true, as alleged in the motion for relief, that the crime occurred before the effective date of section 947.16(3), then the sentencing court lacked retention jurisdiction. State v. Williams. Accordingly, the court reversed and remanded for an evidentiary hearing on the retention issue.
In State v. Williams we responded to a certified question of great public importance,[2] by holding that retroactive application of section 947.16(3) to a crime occurring before its effective date violated the ex post facto clause of the United States Constitution and that such retention sentences were void. See also Rodriguez v. State, 380 So.2d 1123 (Fla. 2d DCA 1980), to the same end. Thus, the district court here correctly stated the rule of law from State v. Williams and Rodriguez. However, in remanding for an evidentiary hearing to determine if the crime was committed prior to the effective date of section 947.16(3), the court apparently overlooked the finding of the trial court that "[d]efendant is correct that since the crime for which he was convicted occurred several days prior to the effective date of the law authorizing such retention, its application to defendant's sentence is ex post facto." Thus, it is clear that no evidentiary hearing is necessary because the trial court has already determined that the crime occurred before the effective date of section 947.16(3).
Petitioner argues that by failing to object at trial and thus waiving the issue on direct appeal, respondent is precluded from raising the issue in a 3.850 proceeding. It is true, as petitioner urges, that issues which could have, should have, or were raised on direct appeal cannot normally be raised in a 3.850 proceeding. What petitioner overlooks is that we have a clear case of ineffective assistance of counsel by both trial and appellate counsel by their failure to research and recognize that the trial court's retention of jurisdiction was an unconstitutional violation of the ex post facto clause. Respondent's trial took place in August 1981, well after we issued State v. Williams, in April 1981, and the Second District Court of Appeal issued Rodriguez in March 1980. Thus, both trial and appellate counsels had on-point controlling case law holding that retention of jurisdiction was unconstitutional. It is clear that counsel's performance was deficient and prejudicial and that respondent is entitled to relief on the issue of retention of jurisdiction because of ineffective assistance of trial counsel.[3]Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Given the circumstances surrounding this pro se motion, we are not inclined to hold respondent to professional standards of pleading. We treat the motion for relief *1352 as alleging' ineffective assistance of trial counsel by failing to object to the retention of jurisdiction and hold that respondent is entitled to relief. We quash the decision of the district court and remand the cause for a modification of the sentence deleting the retention of jurisdiction by the trial court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] State v. Williams, 397 So.2d 663 (Fla. 1981).
[2] Williams, 397 So. 2 at 664:

Does the retention of jurisdiction by a trial judge and denial of release through gain time pursuant to § 947.16, Fla. Stat. (Supp. 1978), constitute an ex post facto application of the law when the crimes were committed prior to the statute's effective date?
[3] Respondent would be entitled to present the issue of ineffective assistance of appellate counsel by petition for writ of habeas corpus to the district court.