493 So.2d 1109 (1986)
Ronald Jeffery SLAUGHTER, David Lane Gentry, John Anthony Kluszcnynski, Roger Lee Hall, James Gregory Reed, Michael W. Marsh, Robert Edward Lee, Michael Allen Schneider, Laverne Ann Thomas, Franklin Eugene Hough, Cynthia E. Glenn, Michael Anthony Dodrill, Elmer L. Deese, Willie Charles Barnett, Frankie M. Smith, and Alberta Nestor, Appellants,
v.
STATE of Florida, Appellee.
Nos. BJ-115, BJ-137, BJ-138, BJ-141, BJ-142, BJ-250, BJ-398, BJ-399, BJ-435, BJ-484, BJ-485, BJ-486, BK-33, BK-43, BK-127 and BK-128.
District Court of Appeal of Florida, First District.
September 11, 1986.
Michael E. Allen, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
These are consolidated appeals involving sixteen cases in which the appellants challenge an order of the circuit court assessing court costs against them pursuant to Section 27.3455(1), Florida Statutes (1985). With the exception of the order applicable to appellant Hough, we reverse.
Section 27.3455(1), Florida Statutes (1985) provides in pertinent part:
27.3455 Additional court costs; collection, use, and distribution of funds.
(1) When any person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as a cost in the case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:

 (a) Felonies $200
 (b) Misdemeanors $ 50
 (c) Criminal traffic offenses $ 50

... All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage. The governing body of a county shall *1110 supervise the community service program. The court shall retain jurisdiction for the purpose of determining, upon motion, whether a person is indigent for the purpose of this section... . (emphasis supplied)
This statute became effective July 1, 1985. Twelve of the appellants committed the offenses for which they were sentenced prior to this date.
Each of the appellants entered a plea of guilty or nolo contendere. In the sentencing proceeding in each case (with the exception of the case involving appellant Hough), the defense counsel made a motion to declare the defendant indigent and to substitute a term of community service in lieu of imposition of costs. The purpose of such motion was to allow the defendant to accrue gain-time pursuant to the above statute. However, the trial judge denied the motion, indicating that, in his view, the time of sentencing was an inappropriate time to make a determination concerning the defendant's indigency. Also, in at least two of the cases, the trial judge made statements indicating that he believed it was up to the Department of Corrections to decide whether the defendant was indigent.
The trial court assessed $252.50 in court costs against each defendant pursuant to Section 27.3455(1). In each case, the judgment and the commitment specifically state that the defendant shall receive no gain-time until the costs have been paid in full.
Two issues have been raised on this appeal:
I. Whether the trial court's imposition of costs pursuant to Section 27.3455(1), Florida Statutes (1985), upon those twelve appellants whose offenses were committed prior to the effective date of the statute violated the ex post facto clause of the United States Constitution and Article 10, Section 9 of the Florida Constitution.
II. Whether the trial court erred in refusing to determine the appellants' indigency before assessing costs under Section 27.3455(1).
Initially, we find that the appellants' ex post facto argument cannot be addressed by this Court because the appellants did not raise this issue before the trial judge. We hold that the ex post facto application of Section 27.3455 is not fundamental error and a contemporaneous objection must be made at the trial level to preserve the issue for appellate review. See Williams v. State, 414 So.2d 509 (Fla. 1982); Fredricks v. State, 440 So.2d 433 (Fla. 1st DCA 1983); Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984).
Appellants have cited State v. Stacey, 482 So.2d 1350 (Fla. 1985), in support of their argument that their failure to object does not waive this issue because such failure was the result of ineffective assistance of counsel. However, appellants' reliance on State v. Stacey is misplaced. In that case, the trial court retained jurisdiction for one-third of Stacey's sentence in accordance with Section 947.16(3), Florida Statutes (1978 Supp.). The crime for which Stacey was sentenced occurred before the effective date of the statute. No objection was made at trial to the retention of jurisdiction. The issue before the court was whether the retrospective application of the retention of jurisdiction statute violated the ex post facto clause. The Supreme Court addressed the issue despite the lack of an objection, however. The Court found that the failure to object was excused because of ineffective assistance of counsel. The Supreme Court's rationale in Stacey was explained as follows:
Respondent's trial took place in August 1981, well after we issued State v. Williams, [397 So.2d 663 (Fla. 1981)] in April 1981, and the Second District Court of Appeal issued [State v.] Rodriguez [, 380 So.2d 1123 (Fla. 2d DCA 1980)] in March 1980. Thus, both trial and appellate counsels had on-point controlling case law holding that retention of jurisdiction was unconstitutional. .
Id. at 1351. Unlike Stacey, at the time of the sentencing hearing in the instant case, there had never been a determination by an appellate court as to the retrospective application *1111 of Section 27.3455(1). Stacey is, therefore, not controlling.
However, we find that the order must be reversed on the second point because the trial court erred in refusing to determine the appellants' indigency before assessing costs under Section 27.3455(1). Under the relevant portion of the statute quoted above, the trial court is required to determine the defendant's indigency before assessing costs and a defendant found to be indigent must be ordered to serve a term of community service in lieu of the imposition of additional court costs. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986).
We recognize that a defendant's financial situation may change after his conviction. However, we believe the statute, properly construed, contemplates such circumstance by providing for the retention of jurisdiction by the trial court so that an inmate may petition for an opportunity to pay the costs at a later time and be relieved from the term of community service. Lawton v. State, supra.
Accordingly, except as to the appellant Hough, we reverse the imposition of court costs, and remand to the trial court for a determination of indigency.[1]
REVERSED and REMANDED.
WENTWORTH, J., and BEN C. WILLIS, Associate Judge, concur.
NOTES
[1] Appellant Hough is not entitled to relief because no motion was made on his behalf to substitute community service or to determine indigency.