JOANOS, Judge.
Helms appeals from the imposition of costs pursuant to Section 27.3455 Florida Statutes (1985) following his plea of guilty to burglary. We reverse.
*47 Helms contends that he was entitled to an indigency determination by the trial court at the time of sentencing before the court assessed costs. We agree. This court has held that the trial court is required to determine appellant’s indigency before assessing costs and an appellant found indigent under Section 27.3455 Florida Statutes (1985) must be ordered to serve a term of community service in lieu of the imposition of additional court costs. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); Day v. State, 496 So.2d 986 (Fla. 1st DCA 1986); Hughes v. State, 497 So.2d 938 (Fla. 1st DCA 1986).
Therefore we reverse the imposition of court costs and remand to the trial court for further proceedings to include a determination of indigency.
MILLS and SHIVERS, JJ., concur.