501 So.2d 724 (1987)
Ronnie BACON, Appellant,
v.
BROWARD EMPLOYMENT & TRAINING ADMINISTRATION and Michigan Mutual Insurance Co., Appellees.
No. BL-38.
District Court of Appeal of Florida, First District.
January 29, 1987.
*725 David L. Kahn, Ft. Lauderdale, for appellant.
Albert P. Massey, III, of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Ft. Lauderdale, for appellees.
ZEHMER, Judge.
We review an order of the deputy commissioner which awarded, pursuant to section 440.34(3)(a), Florida Statutes (1981), an attorney's fee for claimant's successful prosecution of a claim for medical benefits only. Appellant complains that the $500 awarded for prosecution of the claim for evaluation and treatment at the eye clinic was so grossly unfair as to amount to an abuse of discretion. He also contends that the deputy erred in not awarding a fee for the successful prosecution of his claim for eyeglasses.
Appellees do not question the propriety of awarding a fee for prosecuting the claim for evaluation and treatment, and the record supports the deputy's decision to allow a fee for those services. The dollar amount of benefits obtained were minimal and, according to the deputy's order, would not exceed $2,000. In setting the award, the deputy undertook to evaluate each of the factors set forth in section 440.34(1), Florida Statutes (1981). Among other things, the deputy's order expressly found that "the time and labor required in prosecuting this matter has not been excessive and involves approximately 22 hours of the attorney's time." The deputy further found that "the experience and ability of Attorney Kahn is excellent" and that the fee "involved in this case is primarily contingent with no certainty of a fee being granted." Claimant presented testimony that a reasonable hourly rate would be $125 per hour and that a fee of $2,000 to $2,500 would be fair. The employer and carrier presented testimony by an attorney that a fee in the range of $500 to $600 would be reasonable, but the attorney based his opinion on the fact that the carrier had not strongly resisted the claim for *726 benefits and that the eye clinic had only evaluated claimant and had not treated him. In setting the amount at $500 the deputy's order commented that "while this fee is minimal, it reflects the feeling of this Court that if there was any resistance to provision of the evaluation at Bascomb Palmer Eye Institute it was so minimal as to be almost non-existent," citing the decision in Celtics Mobile Home Mfg. v. Butler, 460 So.2d 486 (Fla. 1st DCA 1984).
The deputy commissioner's reliance on Celtics Mobile Home Mfg. v. Butler is misplaced because that decision involved the bad faith provisions in section 440.34(3)(b), Florida Statutes (1981). The employer and carrier's resistance to the claim, as characterized in that case, may be relevant when determining whether or not the employer and carrier's conduct amounts to bad faith, but the claim in the instant case is based on section 440.34(3)(a), relating to claims for medical benefits only, so no issue of bad faith is present or relevant. Once it is established that a claimant has prevailed on a claim for medical benefits only, the employer and carrier become liable for an attorney's fee without reference to the extent of fault or any other reason for denying payment attributable to the employer and carrier. The fee under section 440.34(3)(a) becomes due because the employer and carrier, in denying the well-taken claim, defeat the self-executing purpose of the statute and compel the claimant to employ an attorney to prosecute the claim for medical benefits. Hence, the total fee for such services is payable by the employer and carrier without reduction due to the good faith of the carrier or apportionment to the claimant.
For the reasons stated, we disapprove minimizing the amount of fee for prosecuting this claim on the ground that the employer and carrier's resistance to the claim was minimal. The testimony of the employer and carrier's expert witness suggesting a fee of $600, being erroneously predicated on this belief, was not competent evidence of the value of such services. We hold, therefore, that the fee award is too low because the record evidence does not support the amount awarded. The $500 amount equals an hourly rate just under $23, and that rate is patently insufficient for reasonably necessary legal services in respect to claims such as this. As recently pointed out in Rivers v. SCA Services of Florida, Inc., 488 So.2d 873 (Fla. 1st DCA 1986), in setting a fee when the monetary amount of the claim is insubstantial, the deputy should give much greater weight to the actual work required to perfect the claim so as not to discourage attorneys from accepting employment in workers' compensation claims involving only minimal amounts. Since the deputy's order found that the time and labor expended in this case was reasonable and necessary, we reverse and remand for redetermination of the amount of the entire fee due for handling this claim in accordance with that opinion.
We find no error in the denial of the fee for the eyeglasses claim.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN and SHIVERS, JJ., concur.