THOMPSON, Judge.
Appellant Royal does not contest the validity of his conviction or of his sentence to 18 months incarceration for the crime of aggravated assault, but does assert in this appeal that the trial court erred in several respects in imposing court costs pursuant to § 27.3455, Fla.Stat. (1985). We decline to consider appellant’s ex post facto argument because that issue was not raised below. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). We do find merit, however, in the appellant’s contention that due to his presumptive indigency, Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986), the court should either have made a specific finding of ability to pay prior to imposing the costs or should have imposed a term of community service in lieu of costs. Harris; Helms v. State, 499 So.2d 46 (Fla. 1st DCA 1986); Slaughter; Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986).
We assume that the notation on appellant’s judgment indicating that he is to pay “additional court costs” in the amount of $290, rather than in the statutorily prescribed amount of $200, is a typographical error which will be corrected upon remand. The imposition of court costs pursuant to § 27.3455 is reversed, and the cause is remanded to the trial court for further proceedings to include a determination of indi-gency.
JOANOS and NIMMONS, JJ„ concur.