WIGGINTON, Judge.
Appellant appeals two sentences imposed upon her following her convictions for aggravated assault. We affirm in part but remand for correction of one sentencing error.
In the oral pronouncement of sentence, the trial judge indicated his intention for the two sentences to run concurrently and the written sentencing order entered upon one judgment reflected that intention. However, the written sentencing order in the other judgment provided, that the sentences would run consecutively. The State agrees that the trial judge intended the sentences to run concurrently. Therefore, we remand to the trial court for correction of the apparent scrivener’s error.
Both sentencing orders provided that appellant pay $200 in court costs pursuant to section 27.3455, Florida Statutes, which became effective on July 1, 1985. Appellant made no objection in the trial court to the imposition of those costs and her attorney even requested at the conclusion of the sentencing hearing that the costs be waived in favor of community service to which the court agreed. On appeal, appellant argues that, since one of her sentences arose from a judgment of violation of probation, stemming from a 1983 aggravated assault charge, imposition of the court costs pursuant to section 27.-3455 in that case is an unconstitutional ex post facto application of the law. We decline to consider appellant’s ex post facto argument because that issue was not *480 raised below. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); Royal v. State, 501 So.2d 724 (Fla. 1st DCA 1987). Unlike the situation in Royal, since the trial judge agreed, upon the defense attorney’s request, to impose a term of community service in lieu of costs, any requirement of a determination of indigency has been met.
AFFIRMED but REMANDED for correction of the sentencing error discussed above.
WENTWORTH and NIMMONS, JJ., concur.