SUNDBERG, Chief Justice.
We have for review an order of the Circuit Court for Volusia County validating Industrial Development Revenue Bonds for the purchase of and additional construction to an existing nursing home health care facility. We have jurisdiction. Art. V, § 3(bX2), Fla.Const.
The Florida Industrial Development Financing Act, chapter 159, part II, Florida Statutes, authorizes duly created authorities to issue tax-exempt bonds to finance *1224 the cost of various types of projects enumerated in the Act. During the 1980 session of the Florida Legislature, chapter 159 was amended, and the definition of the term “project” contained in the Act was expanded to include investor-owned, for-profit health care facilities[1] (hereinafter 1980 amendment).
In March 1981, the Volusia County Industrial Development Authority (“Authority”) adopted a resolution providing for the issuance of revenue bonds in an amount not to exceed $4,300,000.00. These bonds were to finance the cost of acquiring an existing 163-bed nursing home facility and the construction and equiping of a 30-bed addition (“Project”). A complaint was filed by the Authority seeking an order of validation for the proposed bonds. The State filed an answer to the complaint; a hearing was held and a final judgment of validation was rendered on April 21, 1981. The terms of the proposed transaction are as follows: the Authority is to purchase the nursing home and sell it to Golden Age Health Care, Ltd., a private, for-profit Florida limited partnership. Golden Age will pay all costs in excess of the proceeds of the bonds and will operate and maintain the Project at its own expense. After the purchase and completion of the 30-bed addition, the nursing home will continue to be privately owned and operated, in business for profit. The Authority will have no control over the operation or policies of the facility nor will the home be a public facility. The bonds will not constitute a debt, liability or obligation of Volusia County, the State of Florida or any political subdivision of the State of Florida and do not contain a pledge of the faith and credit or taxing power of Volusia County, the State, or any of its subdivisions. No holder of the bonds will have any right to compel the exercise of the taxing power of Volusia County, the State or any political subdivision thereof. As security for the repayment of the bonds, the Authority will grant to the Atlantic First National Bank of Daytona Beach and its corporate successors as Trustee, a first mortgage lien on, and security interest in, the facility. Golden Age guarantees to the bank prompt full payment of the principal, premium and interest on the bonds.
' Appellants present six issues on appeal, three of which we feel deserve discussion:[2] (1) the Project violates article VII, section 10 of the Florida Constitution, (2) the 1980 amendment embraces more than one subject and fails to briefly express the subject in the title, and (3) the proposed mortgage on the Project is unconstitutional.
Appellants’ primary argument is that the proposed Project and the 1980 amendment violate article VII, section 10 of the Florida Constitution in that they authorize public bond financing for a private, for-profit nursing home.[3] This issue has been decided adversely to appellants in State v. Leon County, Florida, No. 60,716, 400 So.2d 949 (Fla. June 25, 1981), where we allowed the issuance of revenue bonds to finance a for-profit nursing home facility. We held that article VII, section 10 of our Constitution did not prevent this type of financing because such facilities serve a paramount public purpose and provide only incidental benefits to a private corporation.
*1225 Nor do we accept appellants’ contention that the 1980 amendment embraces more than one subject.[4] This Court has held that the one-subject requirement is not violated so long as all of the provisions appear to be “incidentally related and properly connected to primary subjects expressed in the title and naturally germane thereto.” Rianhard v. Port of Palm Beach District, 186 So.2d 503, 506 (Fla.1966). “The subject of a law is that which is expressed in the title .. . and it may be as broad as the legislature chooses provided the matters included in the law have a natural and logical connection.” State v. Lee, 356 So.2d 276 (Fla.1978). The subject of the statute in this case is industrial development financing. It is obvious that such a subject may include many diverse areas, and is not necessarily limited to a traditional concept of “industry.” We hold that the areas included in the 1980 amendment are logically related and it does not violate the single subject rule.
Appellants’ attack on the sufficiency of the statute’s title is equally without merit. The test for the adequacy of a title is “whether the title is so worded as not to mislead a person of average intelligence as to the scope of the enactment.” Williams v. State, 370 So.2d 1143, 1144 (Fla.1979). We hold that the title to the 1980 amendment is adequate to put an ordinary person on notice regarding the contents.
We now turn to appellants’ argument, based on Nohrr v. Brevard County Educational Facilities Authority, 247 So.2d 304 (Fla.1971), that the proposed mortgage lien on the nursing home as security for the bonds is unconstitutional because it involves a pledge of public credit. We disagree. Nohrr did not allow a mortgage to be used to secure bonds because the use of such financing where a public institution could become the lessee of a project could result in an indirect pledge of credit. The reasoning behind Nohrr was that public agencies should not be forced to raise taxes in order to bail themselves out in the event of a foreclosure. Such is not the case in the situation before us. The Project involves a private institution and the public will not suffer if foreclosure occurs. The language in State v. Putnam County Development Authority, 249 So.2d 6 (Fla.1971), is applicable to such a situation:
[I]t is apparent from the Act, [chapter 159, Florida Industrial Development Financing-Act], and from the purpose of the Act, that the direct beneficiary of any project financed under this Act is a private institution or individual. In the event of a threatened foreclosure, then, the only party threatened with a loss would be the private party who was the beneficiary of the project. Therefore it follows that neither the State nor the County would feel compelled, directly or indirectly, to levy taxes or appropriate funds to prevent the foreclosure. The public would stand to lose no more in this foreclosure proceeding than it would in any other foreclosure proceeding which involved a local business or industry.
249 So.2d at 12. In the present case, as in Putnam County, a private enterprise is involved and each bond contains a statement that it does not constitute a debt of the local agency and that neither the faith and credit nor the taxing power of the State or its subdivisions is pledged. Thus, article VII, section 10 is not violated and we refuse to hold the mortgage provision unconstitutional.
The order of the lower court is affirmed. It is so ordered.
ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.

.Chapter 80-287, codified as section 159.-27(16), Florida Statutes (Supp.1980), included “health-care facility” within the definition of “project” as follows:
(16) “Health-care facility” means property operated in the private sector, other than by not-for-profit organizations, used for or useful in connection with the diagnosis, treatment, therapy, rehabilitation, or care of or for sick, ill, injured, infirm, impaired, disabled or handicapped persons, without discrimination among such persons due to race, religion, or national origin, or for the prevention, detection, and control of disease, including, without limitation thereto, hospital, clinic, emergency, out-patient, intermediate care, including but not limited to facilities for the elderly such as adult congregate living facilities, day care and share a home facilities', nursing home, ....

. We have carefully considered appellants’ other arguments and find them to be without merit.

. Article VII, section 10, Florida Constitution reads in pertinent part:
Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any *1225 corporation, association, partnership or person; ....

. Article III, section 6 of our Florida Constitution reads in pertinent part: “Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.”