DAUKSCH, Judge.
This is an appeal from a judgment and sentence in an escape case. This case was presented to the trial judge as a negotiated plea. The judge tentatively accepted the negotiations and entered the plea. It was understood that if a presentence investigation indicated to the judge that the sentence agreement was not satisfactory that he would not be bound by the agreement and the defendant could withdraw his plea. As it turned out the judge would not accept the agreed-upon sentence and told appellant so. Albeit a bit equivocally, appellant told the judge he wanted to withdraw his plea. No formal written motion to withdraw was made; instead this appeal was filed. Reluctantly, we have determined a sufficient motion to withdraw appears on the record so we must reverse the conviction and sentence and remand the matter to permit appellant to go to trial. When a trial court determines that it cannot honor the terms of an accepted plea bargain, the defendant must be afforded an opportunity to withdraw his plea. LaBais-siere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Brown v. State, 245 So.2d 41 (Fla. 1971). Moreover, where a defendant has a reasonable basis to believe that a promise of a lesser penalty has been made by the judge or prosecutor, he is entitled to withdraw his guilty plea. Costello v. State, 260 So.2d 198 (Fla.1972). Upon remand the trial court should afford the appellant a trial and the court is not bound to any previous sentences or sentence negotiations. Here is a prime example of the *884 dangers lurking behind a court entering into sentence negotiations.
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.