478 So.2d 1195 (1985)
Larry D. McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2275.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
Richard L. Jorandby, Public Defender, and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant was charged with burglary,[1] sexual battery,[2] and robbery.[3] He was acquitted of these offenses, but was found guilty of grand theft,[4] a lesser included offense to the robbery charge. At the sentencing phase of the trial, the court indicated in its written justification for departing from the sentencing guidelines that it was considering the charges for which the defendant had been acquitted. This is clear error which, in the case at bar, cannot be deemed harmless. See generally, Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984) (trial judge cannot use elements of crime for which the defendant was acquitted in departing from the sentencing guidelines); Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983) (defendant's "premeditation" is an improper basis for sentence enhancement where jury acquitted the defendant of first-degree murder), motion denied, 446 So.2d 100 (Fla. 1984).
Accordingly, the defendant's conviction for grand theft is affirmed, but the sentence is reversed and the cause is remanded for resentencing consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE REVERSED.
HERSEY, C.J., and HURLEY and DELL, JJ., concur.
NOTES
[1] § 810.02(2)(b), Fla. Stat. (1983).
[2] § 794.011(3), Fla. Stat. (1983).
[3] § 812.13(2)(a), Fla. Stat. (1983).
[4] § 812.014(2)(b)(1), Fla. Stat. (1983).