LEVY, Judge.
The appellant entered a plea of guilty to one count of burglary of a dwelling and one count of grand theft. At the sentencing hearing, the trial court was advised that the appellant had been arrested in a stolen car containing items stolen in other burglaries. No criminal charges were ever filed in connection with the alleged theft of the ear or the other burglaries. The assistant state attorney present at the sentencing hearing referred to the appellant’s pri- or arrests for burglary. According to Florida’s sentencing guidelines, a twelve to thirty month period of incarceration would have been the appropriate sentence. The prosecutor requested the court to aggravate the sentence, arguing that the appellant was on a “crime spree” in that he was caught driving a stolen car at the time of his arrest and that, furthermore, the car contained stolen property. In addition, the prosecutor pointed out to the court that the' appellant had refused to assist in the recovery of other stolen property. The trial court departed from the guidelines and sentenced the appellant to two concurrent five-year terms of incarceration. The reason given by the trial court for departing from the guidelines was “State v. Manning, 452 So.2d 136, one man crime wave.” The appellant argues that there was an insufficient basis for departing from the sentencing guidelines. We agree and reverse.
The facts in the case at bar are distinctly different from the facts relied upon by the sentencing judge in Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). In Manning, a defendant entered a plea of guilty to four burglaries. When Manning was sentenced, the trial court departed from the guidelines, stating that Manning, in participating in the four burglaries to which he had entered a plea of guilty, had created a “two-man crime wave” with his codefend-ant. The deviation from the guidelines involved in Manning’s sentence was upheld *250 on appeal because the convictions were actually obtained in connection with four distinct burglary charges.
In the instant case, the two charges for which appellant was being sentenced were the only convictions contained in appellant’s record. His prior arrests for burglary had not resulted in convictions. Fla.R. Crim.P. 3.701(d)(ll) provides:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without convictions.
The Florida Supreme Court has recently used consistent language in discussing the ease of Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), wherein the court stated:
To the extent, however, that Harvey holds that a judge cannot aggravate on the basis of prior arrests when there has been no finding of guilt, we agree.
Weems v. State, 469 So.2d 128 (Fla.1985).
The sentence received by the appellant herein is inconsistent with the language of rule 3.701(d)(ll) and the holding in Weems. It is unrefuted that the so-called “crime spree” that the appellant is alleged to have been guilty of consists solely of the burglary and grand theft convictions obtained herein, which arose from a single transaction, and the fact that the appellant was caught in a stolen car containing other stolen items for which the appellant was never charged.
Without convictions for any other contemporaneous crimes, there is no justification for departing from the sentencing guidelines in this case. Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985).
Accordingly, we reverse the trial court and remand this cause back to the trial court with directions to vacate the sentence previously entered herein, and for the appellant thereafter to be sentenced in accordance herewith.
REVERSED AND REMANDED.
LETTS and HURLEY, JJ., concur.