488 So.2d 647 (1986)
James Michael BAXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1221.
District Court of Appeal of Florida, Fifth District.
May 15, 1986.
*648 Eric A. Latinsky, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing guideline departure case.
The trial court did not err in disallowing the defendant to withdraw his negotiated plea in this case where (1) the court did not enter into the plea negotiations, (2) the court made the necessary inquiry to determine that the plea was voluntarily and intelligently entered and ascertained that there was a factual basis for the plea, and (3) the State fully performed its plea bargain agreement to not prosecute certain other charges and to recommend probation, notwithstanding that the trial court did not accept the State's recommendation as to the sentence. See State v. Adams, 342 So.2d 818 (Fla. 1977); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985). We find the following cases cited by appellant not to be in point: Thomas v. State, 458 So.2d 883 (Fla. 5th DCA 1984); Gamble v. State, 449 So.2d 319 (Fla. 5th DCA 1984); Folske v. State, 430 So.2d 574 (Fla. 5th DCA 1983); Rice v. State, 400 So.2d 461 (Fla. 5th DCA 1980).
The trial court entered a guideline departure sentence for the following summarized reasons:
(1) Various drug paraphernalia were reportedly found in the room with defendant.
(2) The defendant reportedly moved towards a rifle when police entered the room.
(3) Defendant had no income or assets, but posted a $5,000 cash bond.
(4) Based on the above, the court concluded that the defendant actually engaged in drug business beyond the simple possession of cocaine (of which the defendant was convicted) and expressed the belief that the defendant was involved in making cocaine available to others.
*649 Drug paraphernalia in the room with the defendant refers to an offense for which the defendant was charged but not convicted because of the plea negotiation. Therefore, this is not a proper reason for departure. See McMillan v. State, 478 So.2d 1195 (Fla. 4th DCA 1985); Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986); Rease v. State, 485 So.2d 5 (Fla. 1st DCA 1986). The reference to defendant's alleged move toward a rifle and the posting of a cash bond are both matters too tenuous and speculative to be clear and convincing reasons for imposing a departure sentence. The court's conclusion that the defendant actually engaged in a drug business beyond simple possession of cocaine also relates to offenses for which no conviction has been obtained and is therefore improper. The court appears to have departed from the recommended guideline sentence because the crime for which the defendant was convicted appeared to the trial court to be but part of a larger uncharged scheme of crimes in which the defendant produced cocaine and made it available to others. As this court noted in Shelton v. State, 478 So.2d 433, 435 (Fla. 5th DCA 1985), the fact that a trial court "has considered the surrounding circumstances of [the] case and finds that the charged crime was only one (1) of the common scheme" is not a clear and convincing reason for departure. See also Pursell, 483 So.2d at 95; Stowers v. State, 480 So.2d 249 (Fla. 4th DCA 1985). The reasons given for departure are not clear and convincing.[1]
The denial of defendant's motion to withdraw his plea, as well as his conviction, is affirmed. The sentence is vacated and the cause remanded to impose either the recommended guideline sentence or a departure sentence in conformity with the sentencing guidelines (Fla.R.Crim.P. 3.701).
CONVICTION AFFIRMED; SENTENCE VACATED and CAUSE REMANDED FOR RESENTENCING.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] See State v. Mischler, 488 So.2d 523, (Fla. 1986).