492 So.2d 404 (1986)
George LAWTON, Appellant,
v.
STATE of Florida, Appellee.
Christopher P. MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
Nos. BI-304, BI-339.
District Court of Appeal of Florida, First District.
June 27, 1986.
On Suggestion for Certification of Question August 12, 1986.
*405 Clyde M. Collins, Jr. of Cotney & Collins, Jacksonville, for appellants.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
WILLIS, BEN C. (Ret.), Associate Judge.
Lawton and Montgomery both appeal from final orders contending that the trial court erred in imposing court costs on them pursuant to Section 27.3455, Florida Statutes (1985), because the statute was intended to impose additional court costs only on nonindigent persons. They further argue that the trial court erred in assessing the court costs without notice, without a full opportunity to object, and without a finding that the indigent appellants had the ability to pay the additional costs. We reverse the imposition of court costs and remand.
Lawton pled guilty to obtaining property in return for a worthless check in contravention of Section 832.05(4), Florida Statutes. He was found insolvent and a public defender was appointed to represent him. On 18 August 1985, the Honorable Lamar Winegeart, Circuit Judge, sentenced Lawton and imposed court costs of $200 pursuant to Section 27.3455, Florida Statutes. Defense counsel objected to the imposition of these costs and requested the court to inquire into Lawton's indigence. Judge Winegeart replied:
All right, sir. The court takes the position that they have an opportunity to earn money in prison and/or work release. Therefore, this is not the appropriate time to make that determination and it's up to the Florida Department of Corrections to make that determination.
Montgomery pled guilty to one count of burglary, after he too was found insolvent and a public defender was appointed to represent him. On 27 August 1985, Montgomery was sentenced and ordered to pay $200 in additional court costs pursuant to Section 27.3455. A motion was made by his counsel that the court impose community service hours in lieu of the applicable fee. Again, Judge Winegeart denied the motion saying:
The court still takes the position that the $200 he will have an opportunity to earn while he's incarcerated and pay that and this is not the appropriate time to determine that.
Both Lawton and Montgomery filed timely notices of appeal, and both men were adjudged insolvent for purposes of their respective appeals.
Section 27.3455 provides in pertinent part:
When any person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any *406 misdemeanor under state law, there shall be imposed as a cost in the case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:

 (a) Felonies ....................... $200
 (b) Misdemeanors .................. 50
 (c) Criminal traffic offenses ..... 50

... All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage (emphasis supplied).
The language of this statute is clear and leads to only one meaning: indigency is to be determined at the time of sentencing and those persons found to be indigent must be ordered to serve a term of community service in lieu of the imposition of additional court costs. Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986).
Of course, this court recognizes that an inmate's financial circumstances can often change, for various reasons, after conviction so that he is no longer indigent to the point that he cannot pay the fairly modest sum of $200. We further believe the statute contemplates such a change by providing for retention of jurisdiction by the trial court so that an inmate may petition for an opportunity to pay the costs at a later time and relieve himself of the term of community service. To find, as the State would have us do, that this statute proposes payment of costs in the future and there is no requirement to determine indigency at the time of sentencing, would be contrary to the plain language of the statute, the holding in the recent case of Noland v. State, and the concept of judicial economy.
We find further error occurred when Lawton and Montgomery were not given notice that an assessment of additional court costs would be made against them and not given a full opportunity to object to such an imposition. Perhaps even more importantly, the trial judge failed to make a determination that the indigent defendants had the ability to pay the sum before imposing it.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the Supreme Court determined that the assessment of costs under Section 960.20, Florida Statutes, and Section 943.25(4), Florida Statutes, against an indigent defendant is permissible only after the defendant has been given adequate notice and a full opportunity to object to the assessment. The Supreme Court also held that any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles of Fuller v. Oregon, 417 U.S. 40, 90 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
In Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984), this court reversed an imposition of attorney's fees assessed pursuant to Section 27.56, Florida Statutes, relying on Jenkins v. State. Similarly, in Cason v. State, 473 So.2d 4 (Fla. 1st DCA 1985), this court, following Jenkins, reversed the trial court's imposition of costs assessed under Section 960.20 and 943.25, since the indigent defendant was not provided adequate notice nor a full opportunity to object to the assessment.
While there are distinctions that can be drawn between Section 27.3455 and the cost statutes referred to in the above cited cases, we find these differences are not sufficient for this court to ignore the due process procedural safeguards that have been required in connection with Florida's other costs statutes.
We have examined the remaining point urged by Lawton and Montgomery as to the constitutionality of Section 27.3455 and *407 find the arguments advanced to be without merit.
Accordingly, we reverse the imposition of court costs on the appellants and remand for further action in accordance with this opinion, including a hearing on the issue of indigency, pursuant to notice, and issuing appropriate orders thereon.
WENTWORTH and NIMMONS, JJ., concur.

ON SUGGESTION FOR CERTIFICATION OF QUESTION
WILLIS, BEN C. (Ret.), Associate Judge.
Recognizing our decision see page 406, as one that will have a great effect on the proper administration of justice throughout the State, we certify the following question to the Florida Supreme Court:
Whether the procedural due process safeguards espoused in Jenkins v. State, 444 So.2d 947 (Fla. 1984), apply to the imposition of costs under Section 27.3455, Florida Statutes (1985).
WENTWORTH and NIMMONS, JJ., concur.