497 So.2d 938 (1986)
George HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. BI-357.
District Court of Appeal of Florida, First District.
November 13, 1986.
*939 Clyde M. Collins, Jr. of Cotney & Collins, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Hughes appeals from the imposition of costs pursuant to Section 27.3455, Florida Statutes (1985), following his plea of guilty to second degree grand theft. We reverse and remand for further proceedings.
Section 27.3455(1) provides in pertinent part:
When any person pleads guilty ... to ... any felony ... there shall be imposed as a cost in the case in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule: (a) Felonies $200... .
... All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration.
At the plea proceeding, Hughes made an oral motion to dispense with the assessment of costs pursuant to this section, on the ground that he had no money to pay them and would be denied credit for his gain-time until they were paid. The court expressed the view that "[Hughes] had the ability to earn money while in prison; therefore declaring him unable to pay the fine would have to take place at a later time down the road." The motion was denied and an order entered imposing the costs.
First of all, we reject Hughes' argument that Section 27.3455 is unconstitutional in that the title is defective, see Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974), and State v. Volusia County Industrial Development Authority, 400 So.2d 1222 (Fla. 1981), or on the ground that it embraces more than one subject matter, see Volusia County, supra. However, Hughes also alleges error in that the court imposed costs without first finding him non-indigent, and without notice, a full opportunity to object or a finding of ability to pay.
The issue as to the point at which determination of indigency under the statute is to be made was settled in Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). In Lawton the trial judge found that sentencing was not the appropriate time to determine that indigency, because money could be earned in prison. This court disagreed and held that, based on the statutory language, "indigency is to be determined at the time of sentencing and those persons found to be indigent must be ordered to serve a term of community service in lieu of additional costs." Lawton; Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). Therefore, the trial court herein *940 erred in finding that indigency for purposes of Section 27.3455 costs did not need to be determined at sentencing.
Further, Jenkins v. State, 444 So.2d 947 (Fla. 1984), established that assessment of costs against an indigent pursuant to Sections 960.20 and 943.25(4) was permissible only after the defendant was given adequate notice and a full opportunity to object and that collection of the costs could be enforced only after a finding of ability to pay. Accord Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984); Cason v. State, 473 So.2d 4 (Fla. 1st DCA 1985). The Lawton court held that any distinctions between Section 27.3455 and the statutes involved in Jenkins were insufficient for the court to ignore the procedural safeguards required in connection with other costs statutes. But see Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986) (question certified as to the applicability of Jenkins in cases involving Section 27.3455). Those procedural safeguards were not observed in this case.
Based on the foregoing, we reverse the imposition of court costs pursuant to Section 27.3455, and remand to the trial court for further proceedings to include a determination of indigency.
BOOTH, C.J., and WENTWORTH, J., concur.