498 So.2d 1371 (1986)
Alphonso HARRIS, a/k/a Earl Russell, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-131.
District Court of Appeal of Florida, First District.
December 22, 1986.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his sentence imposing $200 additional court costs pursuant to section 27.3455, Florida Statutes (1985).[1] We reverse.
Immediately after the jury returned a verdict finding appellant guilty of burglary of a conveyance, and in the presence of the jury, the trial court sentenced appellant to five years in the state prison and ordered him to pay $250.25 ($200 pursuant to section 27.3455 and $50.25 court costs). In his initial brief on appeal, appellant contended that the imposition of costs pursuant to section 27.3455 constituted an impermissible ex post facto application of the law *1372 since appellant committed the burglary on June 12, 1985, and section 27.3455 became effective on July 1, 1985. In addition, appellant contended that imposition of costs against him without a determination of his indigency status violated the clear language of the statute, and that as applied by the trial court, the statute unconstitutionally discriminated against indigent defendants. In response, the state argued, among other things, that appellant could not raise the ex post facto issue on appeal since he had failed to raise it before the trial court. See Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); contra Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986) (violation of constitutional ex post facto restrictions resulting in illegal sentence is the type of sentencing error which may be raised on appeal notwithstanding the defendant's failure to object at sentencing).
Because it was apparent from the record that appellant was not given notice and an opportunity to object to the imposition of costs, this court sua sponte directed the parties to provide supplemental briefs, addressing the applicability of this court's recent decision in Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986), to these facts. Lawton, which was decided during the pendency of this appeal, requires that a defendant be given notice and an opportunity to be heard prior to the imposition of costs pursuant to section 27.3455 and requires that indigency be determined at the time of sentencing. Next, this court inquired, if it should reverse and remand for resentencing pursuant to Lawton, would it be ex post facto violation for the trial court to apply the newly amended section 27.3455? See Chapter 86-154, § 1, Laws of Florida.[2]
The parties are in agreement that implicit in this court's Lawton decision, is the notion that a contemporaneous objection is unnecessary to preserve an argument against the imposition of court costs against an indigent defendant when the defendant has not been provided adequate notice and an opportunity to object. Nevertheless, the state urges us not to encourage this erosion of the contemporaneous objection rule because it will inevitably lead to judicial inefficiency. Instead, the state urges this court to decline to consider these issues for the first time on direct appeal with the proviso that appellant may raise them in a motion for post-conviction relief.
While it might be argued that the trial court's oral imposition of costs provided sufficient notice and an opportunity to object, we are bound by the Florida Supreme Court's decision in Jenkins v. State, 444 So.2d 947 (Fla. 1984), wherein the court ruled under similar circumstances that the trial court's oral imposition of costs at the sentencing hearing does not provide adequate notice and an opportunity to object.
In this case, the trial court adjudged appellant insolvent for the purpose of appointing counsel, but made no finding of appellant's ability to pay the costs despite his presumptive indigency. Alternatively, the trial court failed to give appellant a term of community service in lieu of the payment of costs. Accordingly, we hold that on the basis of our Lawton decision, imposition of the costs in this case was reversible error even absent a contemporaneous objection. While it is true that appellant may raise these issues via a motion for postconviction relief, Ivie v. State, 497 So.2d 931 (Fla. 2d DCA 1986), we are not precluded from addressing these issues on direct appeal under the circumstances.
Accordingly, we vacate the trial court's assessment of court costs because the record fails to show notice of, and an opportunity to object to, the imposition of court costs. At resentencing, the parties have agreed that there would be no ex post facto violation if the trial court applies the newly amended section 27.3455.
*1373 REVERSED and REMANDED for proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Section 27.3455 permits the imposition of court costs in the amount of $200.00 against a person convicted of a felony and further permits a trial court to sentence a person whom it determines to be indigent to a term of community service in lieu of the costs prescribed in the statute.
[2] Effective October 1, 1986, section 27.3455 has been amended, deleting the provisions requiring payment of court costs prior to accrual of gain time and community service in lieu of costs for indigent defendants.