SMITH, Judge.
Appellant claims error in the trial court’s denial of his motion for postconviction relief, alleging that his prior misdemeanor convictions should have been excluded from the recommended sentencing guidelines scoresheet calculation. We affirm. Appellant’s argument is without merit, in that he misconstrues the holding in Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). Under Section III(B) of the scoresheet, scoring is limited to prior felony convictions; however, misdemeanor convictions are still scored under Sections II and 111(A) of the scoresheet.
Appellant submitted with his post-conviction motion a motion for insolvency in which he sought to be relieved of the *48 costs imposed at the time of his sentencing. Under section 27.3455, Florida Statutes (1985), “the court shall retain jurisdiction for the purpose of determining, upon motion, whether a person is indigent for the purpose of this section.” See also, Hughes v. State, 497 So.2d 938 (Fla. 1st DCA 1986). Based on the foregoing, we affirm the trial court’s decision but remand for a ruling on appellant’s motion.
SHIVERS and ZEHMER, JJ., concur.