SMITH, Judge.
McDonald appeals her aggravated sentence, including costs, for issuing a worthless check, attempting to obtain a prescribed drug by fraud, and bail bond jumping. We reverse her sentence for the reasons set out below.
The reasons given by the trial judge for departing from the guidelines are not clear and convincing under controlling case law. The trial court’s reliance on appellant’s prior incarcerations runs contrary to the holding in Hendrix v. State, 475 So.2d 1218 (Fla.1985), inasmuch as appellant was given points on the scoresheet for her prior convictions, which included the charge of failure to appear. Also, the trial court stated that an out-of-state court placed appellant in a pretrial intervention program which she failed to complete. A history of failed alternative treatment may be an adequate reason for aggravating a recommended non-incarcerative sentence. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985), aff'd, 480 So.2d 639 (Fla.1985). The record here, however, contains insufficient factual information to permit adequate review on this ground. Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986).
The trial court’s imposition of state costs in the amount of $200.00 without notice and an opportunity to be heard constitutes reversible error. Jenkins v. State, 444 So.2d 947 (Fla.1984), and Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986).
The judgment imposing court costs of $200.00 is reversed and the cause remanded for resentencing pursuant to Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986). The sentence of incarceration in the state prison is vacated, and the cause is remanded for resentencing, at which time the court may again consider a sentence outside the guidelines, provided adequate reasons supported factually by the record are stated.
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.