WIGGINTON, Judge.
This appeal is from the trial court’s imposition of costs pursuant to section 27.3455(1), Florida Statutes (1985). Appellant raises two points on appeal, arguing under the first point that the imposition of costs pursuant to section 27.3455(1) constituted an ex post facto application of that statute in his case, and that as applied to him the statute violated the equal protection clauses of the state and federal constitutions, and challenging under the second point the court’s ordering him to pay restitution. We affirm in part and reverse in part.
Initially, we note that appellant’s ex post facto argument must fail because he did not make a contemporaneous objection thereto. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). For the same reason, having failed to raise the constitutional issue below, appellant cannot now argue on equal protection grounds the unconstitutionality of the statute as applied to him. Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987).
Nevertheless, because it is apparent from the record that appellant was not given notice and an opportunity to object to the imposition of costs, imposition of the costs in this case is reversible error even absent a contemporaneous objection. See Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986); and Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). Accordingly, we vacate the trial court’s assessment of court costs.
However, we affirm the trial court’s ordering appellant to pay restitution as a condition of probation. On this point, appellant argues that when the court orally sentenced him, it did not order restitution. Accordingly, he maintains that the written judgment ordering restitution must be conformed to the oral pronouncement at sentencing, the result being that the condition of restitution would be stricken. Although we hold that the trial court is not required *505 to orally announce the conditions of probation,[1] we note that the record also shows that all parties had agreed to restitution. Accordingly, the order requiring appellant to pay restitution as a condition of probation is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.

. But cf. Brlecic v. State, 456 So.2d 503 (Fla. 2d DCA 1984), which held that where the written sentence suggested that the court ordered restitution as condition of parole, but the record of the plea hearing indicated the court merely recommended such to the parole commission, the cause was remanded to correct the written sen-fence to conform to the oral pronouncement. In the instant case, there was no such affirmative disparity.