PER CURIAM.
This cause is before us on appeal from a judgment and sentence entered pursuant to a nolo contendere plea to lewd assault. Appellant was sentenced to seven years of imprisonment to run concurrently with his other sentences and to pay $200 in court costs pursuant to Section 27.3455, Florida Statutes. A motion to correct or vacate that portion of appellant’s sentence imposing court costs was denied on the basis that appellant would have the opportunity to earn money in work release or other prison work programs and pay the costs during the term of his sentence. The language of Section 27.3455 clearly requires that indi- *489 gency must be determined at the time the sentence is imposed. Lawton v. State, 492 So.2d 404, 406 (Fla. 1st DCA 1986). Obviously, the trial court in the instant case did not determine appellant’s indigency status at the time sentence was imposed. Accordingly, we reverse the imposition of court costs and remand for a hearing on the issue of indigency.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.