509 So.2d 956 (1987)
Ricky R. RIDDELL, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-11.
District Court of Appeal of Florida, First District.
June 5, 1987.
On Motion for Clarification July 15, 1987.
Ricky Randall Riddell, pro se.
*957 Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant seeks review of the trial court's summary denial of his "Motion To Correct Illegal Sentence." Appellant avers that insofar as he had been declared indigent for purposes of representation by the public defender prior to his plea, the lower court should have ordered him to perform community service following his incarceration in lieu of assessing $200 in costs pursuant to section 27.3455, Florida Statutes (1985).
Viewing the motion on its face, we treat it as one brought pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, and therefore strike the costs and remand the cause to the trial court to afford appellant notice and an opportunity to be heard on the issue of his indigency prior to the imposition of costs. Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). Upon remand, appellant will be resentenced under amended section 27.3455, Florida Statutes (1986 Supp.). Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987).
JOANOS and ZEHMER, JJ., concur.

ON MOTION FOR CLARIFICATION
WIGGINTON, Judge.
The State moves this Court to clarify its opinion, and as grounds therefor says that our remanding the cause to the trial court to afford appellant notice and an opportunity to be heard on the issue of his indigency prior to the imposition of costs is unnecessary if appellant is to be resentenced under amended section 27.3455, Florida Statutes (Supp. 1986), since the imposition of costs under that statute is automatic. We disagree, and hold that the supreme court's decision in Jenkins v. State, 444 So.2d 947 (Fla. 1984), applies to costs imposed under the amended statute.[1]
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] In Jenkins, the supreme court determined that the assessment of costs against an indigent defendant under section 960.20, Florida Statutes, and Section 943.25(4), Florida Statutes, is permissible only after notice and an opportunity to object is afforded. Significantly, the supreme court also held that any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon, 417 U.S. 40, 90 S.Ct. 2116, 40 L.Ed.2d 642 (1974).