SHIVERS, Judge.
The appellant in this case, Jerome Oliver, was charged by information with one count of burglary of a dwelling, two counts of attempted burglary, one count of grand theft, and one count of petit theft. On September 2, 1986, he entered a plea of guilty to burglary of a dwelling and attempted burglary. The remaining counts were nolle prossed. At a sentencing hearing held on September 26, 1986, the trial court sentenced appellant to 30 months imprisonment on the attempted burglary count and 15 years probation on the burglary of a dwelling count. The trial court made the following statement at the sentencing hearing:
In each of these cases there is a cost, a State cost of $200, which is waived due to his insolvency on the attempted burglary. He is to pay that on the burglary of a dwelling, because he there will be on probation and it can be paid during the term of his probation.
In the written judgment, appellant was ordered to pay $200 pursuant to section 27.-3455, Florida Statutes, as well as a $500 fine and a 5% surcharge to the Clerk of the Madison County Circuit Court. In addition, appellant was ordered to pay $20 to the Crimes Compensation Fund, pursuant to section 960.20, Florida Statutes, and $3 to the Clerk of the Madison County Circuit Court pursuant to section 943.25(4), Florida Statutes. Neither the $20 fee nor the $3 fee were raised at the sentencing hearing.
We reverse the trial court’s imposition of costs pursuant to section 27.3455, Florida Statutes. According to that section, which was in effect at the time of appellant’s sentencing, the trial court must impose a term of community service in lieu of costs when the defendant has been determined to be indigent. Since the appellant in this case was determined to be indigent prior to sentencing — a fact which was evidently recognized by the trial court at sentencing — the imposition of costs pursuant to that section was erroneous.
The fact that costs were imposed only on the burglary of a dwelling count, for which appellant was placed on probation, does not cure the defect in the application of the statute. In a case similar to this one, Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986), the trial court imposed costs pursuant to section 27.3455, after the appellant had been found insolvent and a public defender appointed. The trial court concluded that since the appellant would have the opportunity to earn money in prison or on work release, sentencing was not the appropriate time to determine his indigency. This court reversed, holding that the language of section 27.3455 clearly required a defendant’s indigency to be determined at the time of sentencing, and required that those found to be indigent be given a term of community service in lieu of court costs. Since appellant in the instant case was indigent at the time of sentencing, the trial court erred in imposing costs,to be paid during the term of his probation. Accordingly, the trial court’s imposition of $200 in costs pursuant to section 27.3455, Florida Statutes, is hereby reversed and the matter is remanded for the trial court to impose a term of community service. The trial court may retain jurisdiction over the matter so that in the event the appellant becomes financially able to do so, he may petition the court for the opportunity to pay the statutory costs, thereby relieving himself of the term of community service. Lawton v. State, supra.
We likewise reverse the portion of the judgment imposing costs pursuant to sections 960.20 and 943.25(4), Florida Statutes, since the record indicates that the appellant was not given adequate notice of such assessments and the opportunity to object thereto. Assuming the trial court complies with due process requirements on remand, it may impose these costs against the appellant regardless of his indigency. Jenkins v. State, 444 So.2d 947 (Fla.1984).
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.