SHIVERS, Judge.
Appellant, Waymon Kirkland, appeals from a conviction of sexual battery with slight force. We address the issue of whether the trial court erred when it imposed $200 in court costs against Kirkland, who was indigent at the time of his conviction. We reverse.
On July 1, 1986, a jury convicted Kirkland of sexual battery with the use of force not likely to cause serious personal injury. Kirkland was sentenced to nine years in state prison followed by six years of probation. At the sentencing phase of Kirkland’s trial, the court assessed $200 in court costs pursuant to section 27.3455, Florida Statutes (1985).
The State concedes that the trial court erred in its assessment of court costs against Kirkland in light of his indigent status. In Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986), we considered the issue of whether section 27.3455, Florida Statutes (1985), was intended to impose additional court costs on non-indigent persons only. This court answered that question in the affirmative and reversed the trial court’s imposition of such costs on two insolvent defendants after observing:
The language of this statute is clear and leads to only one meaning: indigency is to be determined at the time of sentencing and those persons found to be indigent must be ordered to serve a term of community service in lieu of the imposition of additional court costs. Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986).
Lawton, 492 So.2d at 406. We therefore reverse and remand so that Kirkland may be ordered to serve a term of community service “in lieu of the imposition of additional court costs.” Id. We have examined the other issues which Kirkland has raised in this appeal, and find them to be without merit.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.