511 So.2d 1075 (1987)
Raheem James BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. BM-214.
District Court of Appeal of Florida, First District.
August 26, 1987.
*1076 Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Appellant was charged with burglary of a dwelling (Count I) and two counts of battery. He entered a plea of nolo contendere to the burglary of a dwelling and the state dropped the two battery counts. Appellant appeals from his sentence, contending that the reasons given for his upward departure sentence are invalid. We agree that some of the reasons are invalid, and reverse and remand for resentencing.
Appellant entered the victim's residence through a window. The victim, who was in her bedroom, heard a noise, looked up, and saw the appellant standing in the doorway. Appellant jumped on top of the victim in the bed, put his hand over her mouth, and told her that if she made noise he would hurt her. Appellant told the victim that he had been all through the house and knew that her boyfriend was not home. Appellant started caressing the victim's hair. At that time the victim heard her boyfriend's car drive up. She pushed appellant away, jumped from the bed and ran out the bedroom door, closing it behind her. Appellant left the residence, leaving his hat and shoes in the yard. He was apprehended 30 minutes later a few blocks away.
Appellant was sentenced to a term of ten years, a departure from the 12 to 30 month sentence range called for in the sentencing guidelines scoresheet. The trial court gave the following written reasons for departure:
1. Defendant's extensive criminal record convinced the court that the recommended guideline sentence would not adequately protect the public.
2. The Court deplores the plea bargain which dropped the charge from the First Degree Felony punishable by life, i.e. Burglary of a Dwelling with Intent to Commit an Assault, to a Second Degree Felony, i.e. Burglary of Dwelling thus ignoring the most significant facts of this case. [Footnote omitted]. The nature of this burglary was both serious and aggravated considering: a) it was an occupied dwelling, b) the victim was eight months pregnant, c) the Defendant held the victim down on her bed and caressed her, d) but for the fortuitous and timely arrival at the dwelling of the victim's fiance', the Court is convinced a sexual battery would have occurred and e) the guidelines ignore the psychological trauma suffered by the victim and expressed by her in a letter to the Court, a copy of which was furnished to counsel prior to the sentencing. [Footnote omitted].
The trial court's reliance upon the appellant's extensive criminal record along with the conclusion that the guidelines sentence would not adequately protect the public is invalid. A defendant's prior criminal record is already scored in the sentencing guidelines scoresheet and thus cannot support departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Further, it has been held that protection of the public is an invalid reason for departure. Young v. State, 489 So.2d 199 (Fla. 2d DCA 1986); Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987) (protection of community invalid reason); and Williams v. State, 492 So.2d 1308, 1309 (Fla. 1986) ("[a] trial judge *1077 may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not agree with the presumptive sentence.").
The next reason advanced by the trial court:
The Court deplores the plea bargain which dropped the charge from the First Degree Felony punishable by life, i.e. Burglary of a Dwelling with Intent to Commit an Assault, to a Second Degree Felony, i.e., Burglary of Dwelling thus ignoring the most significant facts of this case... .
is based upon the erroneous assumption that the appellant was permitted to plead nolo contendere to a lesser included offense of the offense charged in Count I. That was not the case. Contrary to the judge's apparent assumption, the appellant was never charged with a first degree felony punishable by life. He was charged only with burglary of a dwelling, a second degree felony  precisely the offense to which he pled nolo. The information never alleged that the appellant, in the course of committing the burglary, either (a) made an assault or battery upon any person, or (b) was armed. See Section 810.02(2), Florida Statutes. Although the information did allege that the appellant had the intent to commit an assault or battery when he entered or remained in the structure  the intent element which makes a mere trespass a burglary  no actual assault or battery was ever alleged in Count I.
The trial court also relied upon the fact that the dwelling was occupied. Such a reason, under facts analogous to the instant case, was held to be a valid ground for departure in Brooks v. State, 487 So.2d 68, (Fla. 1st DCA 1986:
The first reason provided by the trial court for departure from the guideline sentencing range was that in each instance Brooks entered an occupied dwelling. Brooks contends the fact that the dwellings were occupied is a factor inherent in the crime of burglary, and cannot serve as a basis for departure. See: Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). We disagree. Section 810.02(3) contemplates entry of a dwelling or entry of a structure while a human being is in the structure. In this case, Brooks entered three dwellings when the residents of those dwellings were present. We consider that these circumstances added an element not included within the statutory frame, i.e., dwelling and the presence of a human being. Therefore, we consider this reason a valid ground for departure.
Id. at 69.
The trial court also relied upon the victim's pregnancy as an additional reason for departure. Her pregnancy placed the victim in an unusually vulnerable position and was thus a circumstance justifying departure. See Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985) (the fact that victim was an 86 year-old female who lived alone held a proper factor for departure from guidelines in prosecution for burglary and robbery); and Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986) (the age and vulnerability of the victim held acceptable reasons for departure).
The next reason for departure, the fact that appellant held the victim down on the bed and caressed her, was specifically the subject of the two battery charges  as is apparent from the allegations of the information  which were nolle prossequied by the state. It has been held that acts constituting offenses which were dropped as part of a plea agreement cannot be used to support a departure sentence. Dallas v. State, 490 So.2d 1362 (Fla. 5th DCA 1986); Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986); Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986); Padgett v. State, 497 So.2d 724 (Fla. 1st DCA 1986); McMillan v. State, 478 So.2d 1195 (Fla. 4th DCA 1985); and Rease v. State, 485 So.2d 5 (Fla. 1st DCA 1986).
The next reason, the trial court's belief that the appellant would have committed a sexual battery if the victim's finance had not fortuitously arrived on the scene, is also invalid in that it amounts to impermissible speculation. In Davis v. *1078 State, 458 So.2d 42 (Fla. 4th DCA 1984), the defendant was convicted of kidnapping, armed robbery and resisting arrest. One of the reasons for departure was the trial court's
... suspicion that the appellant appeared poised to commit further violence on the victim: "sexual battery, aggravated battery  could have even been murder."
Id. at 44. The Fourth District held that, even if this were true, it did not justify departure. The court found that:
Frankly, we think the judge was correct and it appears the victim only escaped from the moving car, in which she was abducted, because she fought like a tigress. Nonetheless, no sexual battery or murder was ever committed. Our sister court has held the possibility of further crime does not support aggravation and we agree for the reasons set forth therein. Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
Id. at 44.
The final factor relied upon by the trial court was the psychological trauma experienced by the victim. Emotional trauma may be a valid reason for departure in a burglary case. Hankey v. State, 485 So.2d 827 (Fla. 1986); Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986). There was sufficient evidence before the trial court to support a finding of emotional trauma. We therefore approve this reason for departure.
Of the seven factors listed by the trial judge, three constitute clear and convincing reasons for departure while four are invalid. Because it is not clear that the absence of the invalid reasons would not have affected the sentence, we must reverse and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Appellant also attacks the trial court's imposition of $200 costs under Section 27.3455, Florida Statutes. The state contends that the appellant waived his right to complain of such imposition of costs because he failed to raise any objection at sentencing. However, it appears that nothing was said at or before sentencing concerning the possibility of imposition of such costs. The costs assessment simply appeared subsequently in the written judgment and sentence. The Supreme Court has held that it is reversible error to impose costs without notice and an opportunity to object. Jenkins v. State, 444 So.2d 947 (Fla. 1984); see also Keene v. State, 502 So.2d 503 (Fla. 1st DCA 1987). The imposition of such costs is reversed. On remand, the appellant shall be afforded notice and opportunity to be heard on the issue of his indigency. See Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987) (On Motion For Clarification).
Reversed and Remanded for further proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.