513 So.2d 1087 (1987)
Leon GASKIN, Appellant,
v.
STATE of Florida, Appellee.
No. BP-207.
District Court of Appeal of Florida, First District.
September 29, 1987.
Michael E. Allen, Public Defender, and Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals the portion of his sentence for grand theft in which the trial court ordered him to make restitution of $9,921.72 pursuant to Section 775.089, Florida Statutes. He also appeals the imposition of court costs pursuant to Sections 960.20, 943.25, and 27.3455, Florida Statutes, in the amount of $20, $3, and $200 respectively. We reverse the parts of the *1088 final judgment ordering payment of restitution and assessing these additional court costs.
The trial court found that appellant was indigent at his first appearance hearing and appointed a public defender to represent him. After appellant pled guilty to grand theft, the court placed him on five years of probation. As a condition of that probation, the trial judge ordered appellant to pay the above-mentioned restitution. We agree with the state that a defendant is not entitled to advance notice before the court imposes restitution under Section 775.089, Florida Statutes. Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985). However, in the case below, the trial court failed to follow the requirements of Section 775.089(6), Florida Statutes, to consider the financial resources of appellant and his dependents. Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987). The public defender tried to question the imposition of restitution, but the trial judge foreclosed any discussion and pronounced sentence. On remand, the trial court should give appellant a full and fair opportunity to demonstrate his financial circumstances before ordering payment of restitution.
As to the costs imposed under Sections 960.20 and 943.25, Florida Statues, the trial court erred by not giving appellant adequate notice of such assessments and the opportunity to object thereto. On remand, after compliance with due process requirements, the court may impose these costs without regard to appellant's indigency. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Likewise, the trial court imposed costs under Section 27.3455, Florida Statutes (1985), without affording appellant notice and an opportunity to be heard on the issue of his indigency, and the cause must be remanded for resentencing after notice and hearing. Riddell v. State, 509 So.2d 956, 957 (Fla. 1st DCA 1987), Vogtsberger v. State, 502 So.2d 984 (Fla. 1st DCA 1987), Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986), and Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). Upon remand, appellant will be resentenced under amended Section 27.3455, Florida Statutes (1986 Supp.). Riddell, supra; Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987); Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987); Harris, supra.
REVERSED in part and REMANDED for resentencing in accordance with this opinion.
BOOTH and WENTWORTH, JJ., and BEN C. WILLIS (Retired), Associate Judge, concur.