MILLS, Judge.
Carter appeals from the orders entered by the trial court on his motions filed pursuant to Rule 3.850, Fla.R.Crim.P. We reverse.
Carter was convicted in July 1985 of trafficking in cannabis, which offense was committed on 14 November 1982. The conviction was affirmed in Carter v. State, 491 So.2d 1146 (Fla. 1st DCA 1986). Carter plead guilty to bail bond jumping, committed on 23 January 1985; no appeal was filed. Although making no initial finding of indigency, the court in both eases imposed costs at sentencing pursuant to Section 27.3455, Florida Statutes (1985),, thereby precluding Carter from accruing gain time until the costs were paid.
In May 1986, Carter filed a document in the trial court styled as a petition for writ of certiorari alleging that, with regard to the 1982 cannabis offense, the trial court *783 had improperly applied Section 27.3455 in violation of the ex post facto clause. The petition was summarily denied in August 1986, and Carter’s appeal was dismissed “without prejudice to [his] right to seek the relief sought in the petition for writ of certiorari by filing an appropriate motion in compliance with Florida Rules of Criminal Procedure 3.850.”
In December 1986, Carter filed two 3.850 motions with the trial court, one in the 1982 case and the other in the 1985 bail bond case. Both motions alleged the unconstitutional application of Section 27.3455 and requested that the trial court vacate the costs imposed pursuant thereto. On 23 December by means of an order reflecting both case numbers, the court stated: “The court having this date entered an Order allowing the defendant gain time based on 75 hours community service after release from incarceration ... the motion is denied except as amended by the above Order allowing work hours..” The form “Order” incorporated by reference by the trial court states, in pertinent part:
The defendant is hereby ordered to pay court costs of $52.50 and state costs of $200.00 as per F.S. 27.3455. The defendant having been found indigent, it is ORDERED that he should perform 75 hours community service in the event the above costs are not paid.
Therefore, although the trial court rescinded the requirement that costs be paid under the statute, thus allowing Carter to accrue gain time, in lieu of those costs was imposed a requirement of 75 hours community service at the end of his incarceration.
While the orders entered by the trial court herein are appropriate to allegations by a defendant that his indigency was not determined before sentencing so that community service could be set in lieu of costs and gain time thus accrued, they do not address Carter’s allegation, namely that the application to him of Section 27.3455 at all was unconstitutional in that he committed his crimes prior to the effective date of the statute.
Carter committed his crimes on 14 November 1982 and 23 January 1985, prior to the 1 July 1985 effective date of Section 27.3455. In State v. Yost, 507 So.2d 1099 (Fla.1987), the Supreme Court held that “[b]y denying the accrual of gain time to prisoners who have not paid the fees and court costs [set by § 27.3455] and by imposing a period of community service on indigents unable to pay the fees and court costs, the penalties clearly disadvantage prisoners whose crimes were committed prior to the effective date of the statute. We hold that these penalty provisions of the statute violate the ex post facto clause of both the United States and Florida Constitutions (emphasis supplied).” Yost at 1100-01.
Therefore, it seems clear that neither the denial of the accrual of gain time nor the imposition of a period of community service on indigents unable to pay the fees and court costs is permissible for a defendant such as Carter who committed his crimes before the 1 July 1985 effective date of Section 27.3455. See also Livingston v. State, 510 So.2d 295 (Fla.1987) (the statute is unconstitutional in its application to crimes committed prior to its effective date).
Section 27.3455 was amended by Ch. 86-154, section 1 Laws of Florida, to delete the aforementioned penalty provisions for failure to pay the fees and costs. The section does not violate the ex post facto clause in its amended form. Yost at 1101. This court has, upon remand for resentencing after erroneous application of Section 27.-3455 Florida Statutes (1985), required that resentencing occur under Section 27.3455 Florida Statutes (1986 Supp.). See Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987); Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987). Further, although the amended statute requires the assessment of $200 in court costs regardless of indigency, Brown at 778, this court has nevertheless required that, on remand, a defendant be given notice and an opportunity to be heard on the issue of his indigency prior to the imposition of costs under the amended statute, citing Jenkins v. State, 444 So.2d 947 (Fla.1984). Riddell at 957.
*784 We therefore reverse the imposition against Carter of either of the penalty provisions of Section 27.3455, Florida Statutes (1985) and remand for resentencing under Section 27.3455, Florida Statutes (1986 Supp.), giving Carter notice and an opportunity to be heard on the issue of his indi-gency prior to the imposition of costs under the amended statute.
ERVIN and NIMMONS, JJ., concur.