477 So.2d 1025 (1985)
The STATE of Florida, Appellant,
v.
Hugo Cesar RODRIGUEZ, Appellee.
No. 84-1771.
District Court of Appeal of Florida, Third District.
September 17, 1985.
On Rehearing October 22, 1985.
Jim Smith, Atty. Gen., and Henry R. Barksdale, Asst. Atty. Gen., for appellant.
Rodolfo Sorondo, Jr., Coral Gables, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The state appeals an order suppressing cocaine which was seized from Rodriguez's person. It attempts to justify the search on consent and probable cause grounds. We reject both arguments and affirm.
With regard to the consent issue, we note that the trial judge found that Rodriguez's consent was limited to a "feeling" of his boot and did not extend to a seizure of whatever may have been felt. Applying a presumption of correctness and viewing the evidence in a manner most favorable to the trial court's ruling, Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); State v. Gonzalez, 447 So.2d 1015 (Fla. 3d *1026 DCA 1984), we conclude that there is sufficient evidence to support the trial court's order on the consent issue.
We reject the state's probable cause contention on a finding that Rodriguez's nervousness and the feeling of a soft object in his boot did not provide probable cause for a seizure of the object and its subsequent search. The case of Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985) is distinguishable because there the defendant's consent led to a viewing of the package which, the trial court found, created probable cause. Here, the trial court found that the scope of the consent was limited to a touching of the boot. Consequently, the removal of the package from the boot, which allowed the officers to view it, was unauthorized. Absent other sufficiently suspicious circumstances, the feeling of something soft does not establish probable cause for a seizure and search of the soft object.[1] Accordingly, the suppression order is affirmed.
Affirmed.
JORGENSON, Judge, dissenting.
Rodriguez was stopped by members of the narcotics interdiction squad at the Miami International Airport. He agreed to speak with the officers and gave them permission to look into his tote bag advising them, "I don't have anything in there though." The uncontradicted testimony reveals that Rodriguez was sweating profusely, his stomach was palpitating, and his hands were shaking. Detective McGavock asked the defendant if he could feel his boots to see if he had anything in them. The defendant was further advised that he did not have to permit this limited search. The defendant consented to a "feel" of his boots. McGavock thereafter felt through the exterior of one of the boots and, predictably, encountered something other than a foot. McGavock testified that the package inside the boot felt soft and malleable and that such facts led him to believe (in light of his experience with searches of this kind) that the package contained cocaine. McGavock reached in the boot and removed the package which was approximately five or six inches long, of tubular shape, and wrapped with kraft paper. Upon opening the package (concededly without the defendant's consent), the presence of contraband cocaine was revealed. The foregoing facts are indistinguishable from those in Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985), and cases cited therein.
I would, accordingly, reverse the order granting the defendant's motion to suppress and remand for trial.

ON MOTION FOR REHEARING
PER CURIAM.
The panel adopts the dissenting opinion of Judge Jorgenson as the opinion and decision of the court.
Accordingly, the order of suppression is reversed, and this cause is remanded for further proceedings.
Reversed and remanded for further proceedings.
NOTES
[1] Drugs are often packaged in a characteristic fashion recognizable to police. Observation of such a package may provide probable cause for a search and seizure. There are an unlimited number of objects, however, which feel "soft and malleable." That sensory perception (touch) is not sufficient, at least in this case, to create probable cause.