519 So.2d 618 (1988)
James A. MAYS, Petitioner,
v.
STATE of Florida, Respondent.
No. 70330.
Supreme Court of Florida.
February 4, 1988.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for respondent.
EHRLICH, Justice.
We have for review Mays v. State, 502 So.2d 1330 (Fla. 4th DCA 1987) in which the district court expressly acknowledged conflict with Hughes v. State, 497 So.2d 938 (Fla. 1st DCA 1986) and Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986) rev. denied, 506 So.2d 1041 (Fla. 1987), on the issue of whether the procedural due process safeguards espoused in Jenkins v. State, 444 So.2d 947 (Fla. 1984), apply to the imposition of costs under section 27.3455,[1] *619 Florida Statutes (1985). We have jurisdiction. Art. V., § 3(b)(3), Fla. Const.
Mays was convicted of armed robbery and was assessed costs in accordance with sections 27.3455, 960.20 and 943.25, Florida Statutes (1985), and a certificate was issued that costs pursuant to section 27.3455 had not been paid and that defendant does not receive gain-time. These costs were levied and the certificate as to the non-accrual of gain-time was entered without giving Mays notice or an opportunity to object to their assessment or to establish indigency. On appeal, the district court upheld the costs assessed under section 27.3455, but reversed the trial court's order assessing costs pursuant to sections 960.20 and 943.25. The district court correctly held that this Court's decision in Jenkins required a reversal of the costs assessed under sections 960.20 and 943.25.
In Jenkins, this Court held that the state must provide a defendant with adequate notice and an opportunity to object to the assessment of costs pursuant to sections 960.20 and 943.25, and that while the trial judge is free to assess such costs against an indigent defendant "any enforcement of the collection of those costs must occur only after a judicial finding that the individual defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon [417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974)]." 444 So.2d at 950.
The district court below, in upholding the costs assessed under section 27.3455, reasoned that that section, unlike sections 960.20 and 943.25, permits an indigent defendant to seek community service as an alternative and "places the burden of asking for such relief upon him."[2] The court below concluded that the rationale of Jenkins was not applicable to these costs because of the community service alternative. We do not agree and quash this portion of the district court's decision.
The question of Jenkins' applicability to section 27.3455 costs has been raised before, but has not been previously addressed by this Court. See Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986) (question certified but not brought to this Court for review). Several district courts have applied the rationale of Jenkins to section 27.3445 costs. E.g. Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987); Canale v. State, 509 So.2d 1245 (Fla. 2d DCA 1987); Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987). We agree that due process requires notice and an opportunity to be heard prior to assessment of costs under section 27.3455.
The due process concerns addressed by this Court in Jenkins do not disappear because an indigent defendant may be assessed costs defined by time and toil instead of dollars. The inclusion of a community service alternative in section 27.3455 cannot substitute for procedural due process. The opportunity to move for a substitution of community service after costs have already been assessed is not equivalent to notice of and an opportunity to object to such costs prior to their assessment.
The statute imposes a substantial penalty on those who have not paid costs in full. They are precluded from accruing any gain-time, and this defendant was so penalized with the filing of the certificate of the non-payment of costs.
The statute is clear. The determination of indigency is to be made at the time of sentencing and those found to be indigent must be ordered to serve a term of community service in lieu of the assessment of the statutory costs. Lawton, 492 So.2d at 406. The statute further provides that the trial court retains jurisdiction for the determination of indigency and if the defendant is at any time no longer indigent, costs can then be imposed in lieu of community service.
The decision below is quashed as to the costs assessed under section 27.3455 and approved as to costs assessed under sections *620 960.20 and 943.25.[3] On remand, costs under section 27.3455 may be assessed in accordance with this opinion. The decisions in Hughes and Gaffney are approved.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The pertinent portions of section 27.3455(1) provide as follows:

All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage. The governing body of a county shall supervise the community service program. The court shall retain jurisdiction for the purpose of determining, upon motion, whether a person is indigent for the purpose of this section.
[2] As amended, § 27.3455, Fla. Stat. (Supp. 1986) no longer includes the option of community service. Consequently, there is now no procedural distinction between §§ 960.20, 943.25 and § 27.3455.
[3] Additionally, we have reviewed May's claims in connection with his conviction and find them to be without merit.