536 So.2d 341 (1988)
STATE of Florida, Appellant,
v.
Donald Edward THOMAS, Appellee.
No. 87-2714.
District Court of Appeal of Florida, Fourth District.
December 21, 1988.
Rehearing Denied January 26, 1989.
*342 Robert A. Butterworth, Atty. Gen., Tallahassee, Diane E. Leeds and Alfonso M. Saldana, Asst. Attys. Gen., West Palm Beach, for appellant.
Charles J. Rich, Fort Lauderdale, for appellee.
TOBIN, DAVID L., Associate Judge.
This is a timely appeal from a final order granting defendant's motion to suppress evidence obtained from the person of the appellee.
The appellee, Donald Edward Thomas, was approached by two deputy sheriffs at the Amtrak station in Fort Lauderdale, Florida, where he was seated in the passenger terminal waiting area. The two deputies randomly selected the appellee, asking for a search of his bag and pat down of his body.
Upon receiving the appellee's consent, one of the deputies patted down the appellee, grabbing him in the genital area. When the deputy felt an object there, he stated, "Yes, it's in there," and placed the appellee under arrest. The appellee was then taken to the sheriff's office, where his pants and underwear were removed. Inside his underwear was a package containing cocaine.
We will not disturb the lower court's finding of fact that the contact with the appellee was proper and the consent permissible. What remains on appeal is whether or not the deputies "feel" of the appellee's genital area constituted sufficient probable cause for the arrest and subsequent search of the appellee.
The threshold question is whether a "feel" creates sufficient probable cause to arrest someone. Courts have determined that smell via dogs and the visual recognizance of contraband serves as sufficient probable cause for an arrest. Included in this category of senses, are "feels" of packages under waistbands, armpit areas and inside boots. See State v. Rodriguez, 477 So.2d 1025 (Fla. 3d DCA 1985). It logically follows then that a police officer may use any of his senses for the purpose of determining whether probable cause exists.
The remaining issue before this court is whether a consensual search includes the genital area.
The trial record reveals that the appellee consented to a body pat-down by raising his arms. This physical movement amply demonstrates the appellee's consent to be patted down. Twice, the deputies reminded the appellee of his right to refuse such searches. Twice, the appellee consented. The appellee also had options available with which to protect his genital body parts from such a search. He could have refused such a pat-down or permitted it, expressly excepting his genital area.
Such a maneuver cannot be held invalid simply because the appellee found it offensive afterwards. Common sense dictates that most suspects will not consent to a pat-down of their genital areas, specifically when an illegal substance is hidden there. Thus, whether the appellee's consent to a pat-down included the consent to have his genitals "felt," depends on whether the same person would object to such a "feel" had nothing been hidden there.
In the present case we are dealing with contraband which turned out to be cocaine. Would the results have been any different if the police officer had found a weapon in the genital area of the appellee? We think not. Thus, the question arises, when is a pat-down not a pat-down? This court's view is that a pat-down includes the entire exterior periphery of a person, prohibiting only the invasion of body cavities included in a strip search. The purpose of such pat-downs is twofold: First, a pat-down is conducted in order to locate contraband as in the present case. Second, it is conducted for the purpose of locating a weapon or securing the personal safety of the police officer involved in the search.
We distinguish the present case from State v. Kerwick, 512 So.2d 347 (Fla. 4th *343 DCA 1987), in the following manner: The Kerwick case discusses the extension of consent in checking luggage. In that particular factual setting, the checking of luggage serves the purpose of locating contraband. If weapons are found, they are far removed from any use by the defendant. In the present case, the pat-down also served a dual purpose. It was conducted not merely for contraband, but for the possibility of a concealed weapon which could be used to kill or injure a police officer.
Yet, the appellee requests that this court draw a bright line of distinction around certain areas of the body, leaving them free from any examination during a consensual search. This line-drawing exercise would lead to an illogical result. As long as police officers locate weapons in the genital area during a standard pat-down, this court will not hand suspects free rein with which to hide illegal substances in or around their genital body parts. Such permission can only serve to curtail a police officer's ability to perform his proper and lawful duty.
The appellee argues that such genital grabs will almost always lead to embarrassing situations. However, such occurrences are fully prevented by the number of checks inherent in the criminal justice system. The lower court considered the police officers' reasons for encountering the appellee. It carefully weighed the number of times such officers performed these pat-downs with success. Therefore, when holding that the encounter was proper, the lower court did not ignore any legal justification for the "grab." The existence of such legal requirements ensures that no feelings of humiliation will arise from future "genital feels." If anything, these "feels" will amount to effective law enforcement procedure.
The testimony in the court below amply proves that within the police deputy's vast experience, the feel of contraband reasonably led them to believe that the appellee was in possession of cocaine. Therefore, we conclude that the motion to suppress was improperly granted.
For the foregoing reasons, we reverse.
WALDEN, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
The trial judge concluded that there was insufficient evidence, "based on feel alone," to constitute probable cause for the arrest. In the absence of other incriminating facts, I agree.
Additionally, the court could conclude that the defendant's consent to a "pat-down" did not include consent to "the grabbing of the genital area or more invading searches." There is no reason why the officers should not have made their intention more clear, particularly where a search of this part of his anatomy was precisely what they were seeking. I note that there was no suspicion of any wrongdoing prior to conducting the search. There is nothing in the record to indicate that these officers had any concern for their physical safety, nor would any reasonable officer have had such a concern here.
The ruling of the trial court comes to us with a presumption of correctness. See, e.g., McNamara v. State, 357 So.2d 410 (Fla. 1978). I would affirm.