PER CURIAM.
The trial court did not err when it increased appellant’s sentence to the next higher cell as provided by the sentencing guidelines. See Florida Rule of Criminal Procedure 3.701(d)14. We also find no conflict with the sentence imposed by the trial court and the holding in State v. Van Kooten, 522 So.2d 830 (Fla.1988).
We reverse the trial court’s assessment of costs against appellant. See Jenkins v. State, 444 So.2d 947 (Fla.1984) and Mays v. State, 519 So.2d 618 (Fla.1988). Additionally the state concedes that the order of revocation does not coincide with the affidavit of violation of probation and that a discrepancy exists in the sentencing order as to the amount of credit for time served. Accordingly, we affirm the sentence and we remand this cause to the trial court with instructions to make appropriate corrections to the order of revocation of probation and the order of sentence.
*809 AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, DELL and STONE, JJ., concur.