565 So.2d 721 (1990)
Gary Stephen BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2188.
District Court of Appeal of Florida, Fourth District.
May 23, 1990.
On Motion for Rehearing and Clarification July 25, 1990.
*722 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the judgment of conviction but address the sentence as to costs because we must remand. However, with respect to the sentence we certify a question as being of great public importance.
Appellant objects to the imposition of costs as part of his sentence since he was adjudicated insolvent and cites to Mays v. State, 519 So.2d 618 (Fla. 1988), and Jenkins v. State, 444 So.2d 947 (Fla. 1984). At the sentencing hearing there was no determination of appellant's ability to pay. The public defender asked the trial court to waive the trust fund. However, the court said: "If he's going to be able to pay the fine, he'll be able to pay the Trust Fund. We'll wait and see what happens."
Under the present law, we must remand for a determination of ability to pay pursuant to Mays and Jenkins. The state does not concede this point, but presents a new argument that we should reconsider and reevaluate this issue in light of recent federal decisions, then certify a question to the supreme court for resolution.
In United States v. Cooper, 870 F.2d 586 (11th Cir.1989), the Eleventh Circuit agreed with the First and Second Circuits in rejecting a defendant's contention that assessment of costs against him was unconstitutional because he was indigent. The court believed that the imposition of costs was different from the collection of costs and that the question of ability to pay was premature until attempt was made to collect the costs imposed. See also United States v. Rivera-Velez, 839 F.2d 8 (1st Cir.1988); United States v. Pagan, 785 F.2d 378 (2d Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). As the court stated in Pagan,
Thus, the imposition of assessments on an indigent, per se, does not offend the Constitution. Constitutional principles will be implicated here only if the government seeks to force collection of the assessments ... when [Pagan is] unable, through no fault of his own, to comply.
785 F.2d at 381.
The state argues that the law in Florida should be consistent with the federal standard, and that Mays and Jenkins should be reassessed. According to the state, the local federal court of appeals is treating the identical cost statute differently despite the identical constitutional claims asserted. Mays, as argued by the state, is no longer applicable to sentences imposed since 1987 because the Legislature amended the cost statute (section 27.3455, Florida Statutes). The state also points out the consistency between the federal standard and the Jenkins decision:
The state must, however, provide adequate notice of such assessment to the defendant with full opportunity to object to the assessment of those costs. In addition, any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay... .
Jenkins, 444 So.2d at 950.
The state acknowledges that this court is bound by precedent but requests that we certify a question to the supreme court so it may consider the argument that the federal standard should be applied in Florida. We agree with appellee and certify the following question:
WHETHER THE IMPOSITION OF COSTS AGAINST AN INDIGENT DEFENDANT IS DIFFERENT THAN THE COLLECTION OF THOSE COSTS MAKING *723 THE QUESTION OF ABILITY TO PAY PREMATURE UNTIL ATTEMPT IS MADE TO COLLECT SUCH COSTS?
ANSTEAD, GLICKSTEIN and POLEN, JJ., concur.

ON MOTION FOR REHEARING AND CLARIFICATION
We deny the motion for rehearing; however, we grant the motion for clarification.
At sentencing, the trial court, without prior notice or a hearing, assessed against appellant the following charges: (1) The sum of $20, pursuant to section 960.20, Florida Statutes (1987); (2) the sum of $5, pursuant to section 943.25, Florida Statutes (1987); and (3) pursuant to section 960.25, Florida Statutes (1987), the sum of $2,500, representing a five percent surcharge on the $50,000 fine assessed against appellant.
We reversed and remanded to the trial court for notice and a hearing in accordance with Jenkins v. State, 444 So.2d 947 (Fla. 1984). Appellant then asked us to clarify which of the charges listed above the trial court should consider to be costs when deciding whether to assess costs against him.
The express language of both sections 960.20 and 943.25 calls the charges to be assessed "costs." The supreme court has treated charges under these statutes as costs. See Mays v. State, 519 So.2d 618 (Fla. 1988).
The five percent surcharge under section 960.25, however, is a fine rather than a cost. The supreme court stated in State v. Champe, 373 So.2d 874, 880 (Fla. 1978), "[t]he five per cent surcharge ... may quite properly be considered as a form of punishment for the offense." In LaRue v. State, 397 So.2d 1136, 1138 (Fla. 1981), the supreme court held unconstitutional a provision of this section that applied the surcharge to bail bonds because "the ultimate effect of [the bail surcharge was to impose] a pretrial cost upon every defendant rather than a posttrial penalty upon those actually found guilty."
On remand, then, the trial court shall consider the imposition of costs under sections 960.20 and 943.25, but shall not include the surcharge under section 960.25. The $2,500 stands appended to the $50,000 fine, the assessment of which we affirmed by our earlier opinion on the merits.
ANSTEAD, GLICKSTEIN and POLEN, JJ., concur.