ON MOTION FOR REHEARING AND MOTION FOR CLARIFICATION
PER CURIAM.
We deny appellant’s motion for rehearing, but grant appellee’s motion for clarification, withdraw our opinion filed July 11, 1990 and substitute for it the following:
Appellant, James Wayne Horne, appeals from his sentence as a habitual offender under section 775.084, Florida Statutes (Supp.1988) and from the trial court’s imposition of costs under section 27.3455, Florida Statutes (1987). We affirm the sentence but vacate the imposition of costs.
We find no merit in either appellant’s contention that the trial court failed to make the requisite factual findings pursuant to section 775.084 or his challenge to the constitutionality of that statute. The order habituahzmg appellant contains sufficient reasons to satisfy the statute. Also, the constitutionality of section 775.084 has repeatedly been upheld. See Eutsey v. State, 383 So.2d 219 (Fla.1980); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). We do find merit, however, in appellant’s argument that it was error for the trial court to impose costs without affording appellant the benefit of notice and hearing. See Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, we affirm appellant’s sentence but vacate the imposition of costs and remand for a hearing on the authority of Mays and Jenkins.
LETTS, GLICKSTEIN and DELL, JJ., concur.