PER CURIAM.
The order of community control reflects the imposition of costs against appellant. However, appellant was adjudicated insolvent, but was not given notice or an opportunity to respond and object. Such an imposition of costs is improper, and was held so in Beasley v. State, 565 So.2d 721 (Fla. 4th DCA 1990). We, therefore, remand for a determination of ability to pay pursuant to Mays v. State, 519 So.2d 618 (Fla.1988), and Jenkins v. State, 444 So.2d 947 (Fla.1984).
The state here is making the same assertion made in Beasley, namely, that the imposition of assessments on an indigent, per se, does not offend the constitution, and that constitutional principles are implicated only if the government seeks to force collection of the assessments when the defendant is unable to comply. We, therefore, again certify the Beasley questions to the Supreme Court of Florida:
WHETHER THE IMPOSITION OF COSTS AGAINST AN INDIGENT DEFENDANT IS DIFFERENT THAN THE COLLECTION OF THOSE COSTS MAKING THE QUESTION OF ABILITY TO PAY PREMATURE UNTIL ATTEMPT IS MADE TO COLLECT SUCH COSTS?
In all other respects, the judgment and order of community control are affirmed.
AFFIRMED IN PART; REMANDED IN PART.
LETTS and GLICKSTEIN, JJ., concur.
STONE, J., concurs specially with opinion.