575 So.2d 296 (1991)
STATE of Florida, Appellant,
v.
Tony L. MENEFIELD, Appellee.
No. 89-2224.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, and Michael J. Entin of the Law offices of Michael J. Entin, Fort Lauderdale, for appellee.
EN BANC
WARNER, Judge.
The state appeals an order suppressing evidence based upon a finding that a consent search of a person in a public place does not include a genital search absent knowledge that the authorities intend to conduct such an intrusive search. We affirm based on United States v. Blake, 888 F.2d 795 (11th Cir.1989), and in doing so recede from State v. Thomas, 536 So.2d 341 (Fla. 4th DCA 1988).
In the instant case the defendant was approached on a bus in a random encounter by sheriff's deputies and was requested to consent to a search of his person.[1] He was told he had a right to refuse. The officer patted down defendant's stomach, legs, and arms. He then proceeded to search his genital area, touching his private parts in the process. The officer felt an object and reached in and removed it from appellant's pants. He determined it to be cocaine and arrested appellant.
After a full hearing on the issue, the court found that this was a random encounter and that the officers had no articulable suspicion that defendant was in the process of committing a crime. The court also found that the deputies had no reason to believe that they were in fear of their safety. The court then suppressed the evidence based on United States v. Blake, 718 F. Supp. 925 (S.D.Fla. 1988).[2] The trial *297 court's reliance on Blake was not misplaced as the district court was affirmed in the Eleventh Circuit. United States v. Blake, 888 F.2d 795 (11th Cir.1989). The appellate court did so based upon two principles of review: (1) the issue of the scope of consent is to be determined by the totality of the circumstances; and (2) a trial court's factual determination on this issue will not be overturned unless clearly erroneous. Blake, 888 F.2d at 798.
We agree with the analysis of the issue by the appellate court in United States v. Blake, and the standards of review expressed therein. We hold that the trial court's ruling below on the issue given the totality of the circumstances is not clearly erroneous. We therefore recede from any implication in State v. Thomas, 536 So.2d 341 (Fla. 4th DCA 1988), that as a matter of law, any general consent given to search a person includes within it a consent to search the genital area. Instead the issue should be decided from the totality of the circumstances involved.
Affirmed.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, GLICKSTEIN, DELL, GUNTHER, STONE, POLEN and GARRETT, JJ., concur.
NOTES
[1] We recognize that this case dealing with a bus search implicates Bostick v. State, 554 So.2d 1153 (Fla. 1989), quashing 510 So.2d 321 (Fla. 4th DCA 1987), holding that an impermissible seizure results when police perform random drug searches on buses. The United States Supreme Court has accepted certiorari review in Bostick. Recently, Bostick has been rejected by the Eleventh Circuit in United States v. Fields, 909 F.2d 470 (11th Cir.1990). The trial court did not decide this issue of the bus search consistent with Bostick. Thus he did not suppress the evidence on the ground that the appellee was unlawfully seized. The evidence was suppressed because the trial court found that the officers went beyond the scope of the consensual search. If the order is correct on either one of the grounds assigned, it should be affirmed. See City of Naples v. State ex rel. Abbott, 100 So.2d 78 (Fla. 2d DCA 1958). While the trial court's ruling regarding the "seizure" of appellee on the bus is erroneous after Bostick, his findings with respect to the scope of the consent require an affirmance as is more fully explained in this opinion.
[2] We publish the relevant portion of the trial court's order:

The Court finds that the scope of the Defendant's consent did not extend to a voluntary search of his genital area in a public place. The request made by Officer Trawinski to search the Defendant's person did not sufficiently advise him as to the scope and nature of the search being desired. The Defendant cannot reasonably believe that by consenting to a search of his person he is agreeing to have his genital area explored.
The Court finds that the Officer has an obligation to advise the cooperating person as to the nature, details, and extent of the search if it is to be in any way offensive to that person. Without any suspicions of wrong doing, the search of someone's genital area on a public bus without specifically asking for consent is outrageous and improper. The Defendant not only has a right to refuse the search, but should have knowledge of the intricacies and specifics of what the search would entail. This Court adopts the findings of Judge Roettger in the matter of United States of American vs. Blake and Eason, (United States District Court, Southern District, 1988), wherein he states:
The Fourth Amendment to the United States Constitution requires that searches and seizures be reasonable. In determining the reasonableness of any such search involves a twofold inquiry: First, one must consider whether the action was justified at its inception and, second, one must determine whether the search as actually conducted was reasonably related in scope to the circumstances which justified the interference in the first place. The permissibility of any particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interest against its promotion of legitimate government interest.
That although the Court is strongly in favor of drug interdiction, the Court finds that the practices utilized in this case cannot he (sic) condoned and are an improper intrusion on the Defendant's Fourth Amendment rights.