GARRETT, Judge.
We affirm appellant’s conviction. The trial court found appellant consented to the search which allowed the female police officers to discover the cocaine carried on appellant’s person. Although the initial random encounter took place in a public area of the Fort Lauderdale/Hollywood International Airport, the actual search of appellant took place in the privacy of a nearby ladies’ restroom. Given the totality of the circumstances we find no error. See State v. Menefield, 575 So.2d 296 (Fla. 4th DCA 1991) (en banc).
However, we reverse and remand for a hearing on the imposition of costs after notice to appellant. Mays v. State, 519 So.2d 618 (Fla.1988) (reassessment of Mays sought via certified question in Beasley v. State, 565 So.2d 721 (Fla. 4th DCA 1990)); see also Jenkins v. State, 444 So.2d 947 (Fla.1984).
Further, we certify the following question to be of great public importance:
CAN A LAW ENFORCEMENT OFFICER PAT-DOWN OR SEARCH THE CROTCH OR GROIN AREA OF AN INDIVIDUAL WHO HAS CONSENTED TO BE SEARCHED?
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ANSTEAD and STONE, JJ., concur specially with opinions.