STONE, Judge,
concurring.
I concur separately to note that in Mene-field this court recognized that a simple consent to search, standing alone, does not include consent to a search of the genital area absent knowledge that such a personal intrusion is intended. The scope of consent is determined by examining the totality of the circumstances. Here, applying the standard of review recognized in Mene-field, where the officer went so far as to ask appellant if she would prefer to step into the ladies room so that she could be searched in private, I cannot say that the trial court ruling is “clearly erroneous.” However, I must add that although I concurred in Menefield as a correct statement of the law, I would prefer that the supreme court adopt a rule imposing a tougher standard of review where the state seeks to justify a search of such a personal area of the anatomy based on consent to the search of the “person.” Such a rule should require that the consent to search an intimate area of privacy be clear and unequivocal. See State v. Wells, 539 So.2d 464 (Fla.1989), aff'd, — U.S.-, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); State v. Thomas, 536 So.2d 341, 343 (Fla. 4th DCA 1988) (Stone, J., dissenting). See also United States v. Blake, 888 F.2d 795, 801 (11th Cir.1989) (Shood, J., concurring).