PER CURIAM.
Earl Allen appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The motion was denied because the trial court believed a direct appeal was pending and therefore that it had no jurisdiction to consider the motion. See Marshall v. State, 481 So.2d 973 (Fla. 2d DCA 1986). However, Allen had appealed directly from the denial of his pretrial motion for speedy trial discharge. This court treated the appeal as a petition for writ of prohibition on the authority of Sherrod v. Franza, 427 So.2d 161 (Fla.1983), and denied relief. Allen’s decision to file notice of appeal, where unauthorized by rules of appellate procedure, did not divest the trial court of jurisdiction, nor would a petition for writ of prohibition unless and until this court issued a show cause order. See Fla.R.App.P. 9.100(f).
*201 Turning to the merits of the motion, we find that only two of the numerous grounds present even a minimal showing of entitlement to relief. Allen alleges that counsel was ineffective for failing to move the suppression of his confession, which he claims was coerced despite his having “invoked the right to counsel.” If this claim is true, it could constitute ineffective assistance. Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986). Allen also maintains that court costs were imposed without notice, an issue which may be raised either on direct appeal or via a motion for postconviction relief. See White v. State, 571 So.2d 123 (Fla. 3d DCA 1990). We therefore remand for further proceedings as to these two issues. The order denying postconviction relief is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and HALL and ALTENBERND, JJ., concur.