SHEPHERD, J.
 

 Appellant, Alvie Byrd-Green, appeals from a November 30, 2009 order, which reads, in its entirety: “The Defendant’s Pro Se Notice of Discovery Filed 8/28/09 had no ruling. Court has no jurisdiction!.] See DCA # 3D09-2160.” From this order, we glean the trial court believed it lacked jurisdiction to entertain Byrd-Green’s “Notice of Discovery,” and “Motion
 
 to
 
 Produce Police Reports,” because of a pending appeal in this Court, Case Number 3D09-2160, of a July 29, 2009 Order Denying Byrd-Green’s Petition for Writ of Mandamus. Respectfully, the trial court was incorrect.
 

 The filing of a notice of appeal from the denial of a petition for writ of mandamus does not divest the trial court of jurisdiction.
 
 See Allen v. State,
 
 579 So.2d 200, 200 (Fla. 2d DCA 1991);
 
 cf.
 
 Fla. R.App. P. 9.600(b). A petition for writ of mandamus, together with the other four extraordinary writs — prohibition, habeas corpus, quo warranto, and writs issued
 
 *849
 
 under the “all writs” power — are independent of and collateral to the proceedings below.
 
 See Miseveth v. Stafford,
 
 667 So.2d 1012 (Fla. 4th DCA 1996). Accordingly, they do not divest the trial court of jurisdiction, except in the case of a petition for writ of prohibition where a district court of appeal has issued a show cause order.
 
 See
 
 Fla. R.App. P. 9.100(h);
 
 Allen,
 
 579 So.2d at 200;
 
 cf. Alonso v. State,
 
 879 So.2d 80, 81 (Fla. 3d DCA 2004) (clarifying no stay in effect when court orders a “response” to a petition for writ of prohibition rather than a “show cause” order directing the respondent to show cause why relief should not be granted, which order creates an automatic stay).
 

 Reversed and remanded for consideration of Byrd-Green’s “Notice of Discovery,” and “Motion to Produce Police Reports.”