**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000449**
**12-DEC-2023**
**08:20 AM**
**Dkt. 249 SO**

NO. CAAP-18-0000449
(Consolidated with CAAP-18-0000624)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. CAAP-18-0000449

GALINA OGEONE, Plaintiff-Appellant, v.
DENTIST LESLIE AU, Defendant-Appellee


AND


NO. CAAP-18-0000624

GALINA OGEONE, Plaintiff-Appellant, v.
DENTIST LESLIE AU, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1347 AND CIVIL NO. 16-1-1348)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Galina Ogeone (**Ogeone**), self-

represented, appeals from a Final Judgment (**Judgment**) entered by

the Circuit Court of the First Circuit (**Circuit Court**) on August

16, 2018.[1]  Ogeone also challenges, <u>inter alia</u>, the Circuit Court's Order Granting Defendant Leslie Au, D.M.D.'s Motion for Summary Judgment (**Order Granting Summary Judgment**), entered on June 14, 2018.

This case arises from a dispute about the dental care that Defendant-Appellee Dr. Leslie Au (**Dr. Au**) provided to Ogeone.  Ogeone was unsatisfied with the services provided and sued Dr. Au for breach of contract and negligence.  The Circuit Court ultimately granted summary judgment in favor of Dr. Au. Ogeone timely appealed.

On appeal, Ogeone purports to assert numerous points of error.[2]  While "submissions of self-represented litigants should be interpreted liberally[,] . . . the right of self-representation is not [] a license not to comply with the relevant rules of procedural and substantive law."  <u>Est. Admin. Servs. LLC v. Mohulamu</u>, 148 Hawaiʻi 10, 18, 466 P.3d 408, 416 (2020) (citations and internal quotation marks omitted). Accordingly, we consider only those points of error that Ogeone argued, to the extent we can discern them.  <u>See</u> Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), (7).

---

[1]    The Honorable Jeffrey P. Crabtree presided and entered the Judgment in this case.  The Honorable Jeannette H. Castagnetti presided over several of the motions in this case.

[2]    In Plaintiff-Appellant's Statement of Points of Error filed on October 9, 2018, Ogeone asserted 35 points of error.

Ogeone contends that the Circuit Court: (1) erred by failing to enter summary judgment in favor of Ogeone; (2) erred by entering summary judgment in favor of Dr. Au because the expert opinion attached to the Motion for Summary Judgment was not admissible; (3) erred in granting the Motion for Summary Judgment because Ogeone had filed a petition for writ of mandamus, which deprived the Circuit Court of jurisdiction; (4) erred and committed fraud by issuing a minute order scheduling a hearing on the Motion for Summary Judgment based on a scheduling conference that did not occur; (5) erred by failing to quash medical records stemming from deficient subpoenas duces tecum; (6) erred by accepting the Motion for Summary Judgment because it was untimely filed; and (7) committed several other procedural errors, specifically, (a) that it did not require Dr. Au to file a reply to Ogeone's amended pretrial statement, (b) that Judge Castagnetti should have recused herself from presiding over the case, (c) when it designated her as a vexatious litigant, and (d) when it entered its Order Granting Costs.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ogeone's points of error as follows:

(1) Ogeone did not file a motion for summary judgment. Her first point of error is thus without merit.

(2) Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56 outlines the standards and requirements for summary judgment.[3] In cases such as this,

> where the non-movant bears the burden of proof at trial, a movant may demonstrate that there is no genuine issue of material fact by either: (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry his or her burden of proof at trial.

Ralston v. Yim, 129 Hawaiʻi 46, 57, 292 P.3d 1276, 1287 (2013) (citation omitted). "Accordingly, in general, a summary judgment movant cannot merely point to the non-moving party's lack of evidence to support its initial burden of production if discovery has not concluded." Id. at 61, 292 P.3d at 1291. In Yim, Dr.

---

[3] HRCP Rule 56 states, in pertinent part:

**Rule 56. SUMMARY JUDGMENT.**
    **(b) For defending party**. A party against whom a claim . . . is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof, provided, however, that a motion seeking relief under this rule shall be filed and served no less than 50 days before the date of the trial unless granted permission by the court and for good cause shown.
        . . . .
    **(e) Form of affidavits; further testimony; defense required**. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Yim, a dentist, moved for summary judgment and argued that Ralston could not meet his burden of proof at trial. Id. In support of his motion for summary judgment, Dr. Yim attached two of Ralston's responses to interrogatories that stated that Ralston would provide expert reports when they became available. Id. The supreme court held that the Intermediate Court of Appeals had properly vacated the trial court's entry of summary judgment because, in part, the discovery deadline had not passed when the court granted the motion for summary judgment. Id. at 61-63, 292 P.3d at 1291-93 (citing Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 286-87, 172 P.3d 1021, 1030-31 (2007) (because there was no time left for the parties to obtain and present expert opinions, the proper analysis was whether the non-moving party was unable to offer proof at trial, rather than whether the non-moving party failed to place proof on the record).

Here, the Circuit Court entered the Order Granting Summary Judgment after the deadlines for discovery, naming of witnesses, and expert reports had passed. Indeed, the court repeatedly extended deadlines to give Ogeone an opportunity to obtain an expert opinion to rebut Dr. Au's Motion for Summary Judgment. Therefore, the issue before the court was whether Ogeone had identified a genuine issue of material fact as to whether she would be able to offer proof at trial to support her claims. See Yim, 129 Hawaiʻi at 60-61, 292 P.3d at 1290-91.

Ogeone's argument that her expert witness's declaration created a genuine issue of material fact is not supported by the record. Dr. Laporte did not opine that Dr. Au had breached any relevant standard of care or caused the alleged injuries. He thus did not "set forth specific facts showing that there is a genuine issue for trial." HRCP Rule 56(e). Ogeone presented no evidence that indicated she would be able to establish at trial that Dr. Au breached a relevant standard of care, even after being afforded multiple opportunities to do so.

We also reject Ogeone's argument that the Circuit Court should not have considered Dr. Finzen's declaration because it was inadmissible. It is well established that expert witnesses may consider inadmissible evidence when forming their opinions. See Hawaiʻi Rules of Evidence (**HRE**) Rule 703; see also Hale Mua Props., LLC v. Liu, No. 27859, 2009 WL 1507312, *1 (Haw. App. May 29, 2009) (SDO) (affirming the trial court's entry of summary judgment, and noting that the expert witness did not authenticate documents and that those documents were certified copies of public records attached to the motion for summary judgment).

Here, Dr. Finzen reviewed, inter alia, Ogeone's dental records, documents filed during the litigation, and Ogeone's discovery responses. He noted in his opinion that he had reviewed Ogeone's records from Dr. Au, as well as her previous dentists. He opined that Dr. Au had not breached any standard of care generally accepted by the dental community. Dr. Finzen's

6

declaration was admissible, and the bases for his opinion were appropriate. See id.

Accordingly, we conclude that the Circuit Court did not err in granting summary judgment in favor of Dr. Au.

(3) Ogeone argues that the Circuit Court erred in conducting a May 17, 2018 hearing on the Motion for Summary Judgment because its jurisdiction had been divested by Ogeone's Petition for Writ of Mandamus. Notably, the Judgment and the Order Granting Summary Judgment were both entered after the supreme court had denied the Petition for Writ of Mandamus.

In Hawaiʻi, it is well-settled that "a writ of mandamus is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure." Vitale v. Ochiai, SCPW-18-0000577, 2020 WL 3441233, *1 (Haw. June 23, 2020) (Order) (citing Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978)). To that end, "[t]he extraordinary writ of mandamus is appropriate to confine an inferior tribunal to the lawful exercise of its proper jurisdiction[,] . . . [b]ut mandamus may not be used to perform the office of an appeal." State ex rel. Marsland v. Ames, 71 Haw. 304, 306, 788 P.2d 1281, 1283 (1990) (citations and internal quotation marks omitted).

Other jurisdictions have concluded that a petition for writ of mandamus does not divest the trial court of jurisdiction to continue to conduct hearings. See, e.g., Kellogg v. Watts

7

Guerra LLP, 41 F.4th 1246, 1259 (10th Cir. 2022) (holding that "[T]he filing of a mandamus petition didn't divest the district court of jurisdiction"); Nascimento v. Dummer, 508 F.3d 905, 910 (9th Cir. 2007) ("[P]etitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case."); Clark v. Taylor, 627 F.2d 284, 288 (D.C. Cir. 1980) ("[T]he trial court had not lost its jurisdiction because the appellate court was entertaining an application for writ of mandamus."); Ex parte Steinberg, 330 So.3d 813, 816 (Ala. 2021) ("The filing of a petition for the writ of mandamus does not divest the trial court of jurisdiction or stay the case.") (citation and internal quotation marks omitted); Byrd-Green v. State, 40 So.3d 848, 848-49 (Fla. Dist. Ct. App. 2010) (holding that filing a petition for a writ of mandamus did not divest the trial court of jurisdiction to rule on motions before it).

We similarly conclude that the filing of the petition for writ of mandamus did not divest jurisdiction of the case from the Circuit Court.

(4) Ogeone argues that the Circuit Court erred by issuing a "fraud" minute order regarding the date of a hearing on Dr. Au's Motion for Summary Judgment. The argument is without merit. While it is unclear what relief she seeks in this point of error, it is apparent that a status conference was held on April 18, 2018, and that the court had the authority to schedule a hearing and issue a minute order reflecting that decision.

(5)  Ogeone argues that Dr. Au falsified subpoenas duces tecum for Ogeone's medical records, and that the Circuit Court erred by declining to quash the subpoenas.  Upon review of the record, it appears that subpoenas with properly completed Return of Service sections were filed with the Circuit Court on February 10, 2017.  Those subpoenas complied with HRCP Rule 4.  While it remains unclear what caused additional filings, minus the completed Return of Service sections, a few minutes later, it is clear that valid subpoenas were filed with the court.  Accordingly, we cannot conclude that the court's decision not to quash the subpoenas was "'plainly arbitrary and without support in the record.'"  See Bank of Hawaii v. Shaw, 83 Hawaiʻi 50, 59, 924 P.2d 544, 553 (App. 1996) (citation omitted).

Ogeone further argues that the Circuit Court erred in declining to quash the subpoenas because they did not comply with state and federal privacy laws, citing generally to the Health Insurance Portability and Accountability Act (**HIPAA**) and Hawaii Revised Statutes (**HRS**) § 323C, which was repealed in 2001.  See 2001 Haw. Sess. Laws Act 244, § 2 at 638.  Ogeone did not specify how the subpoenas violated HIPAA, and we thus disregard the argument.  See HRAP Rule 28(b)(4), (7).  However, we address the issue to the extent it overlaps with other arguments we are able to discern.

Privacy regarding health-related information is protected by HIPAA, as well as the Hawaiʻi State Constitution and

the relevant case law.  In Cohan v. Ayabe, 132 Hawaiʻi 408, 415-16, 322 P.3d 948, 955-56 (2014), the supreme court noted that HIPAA provides a "federal floor of privacy protections" in addition to the Hawaiʻi State Constitution's protections against disclosure of private health information outside of the underlying litigation.  The supreme court stated that while HIPAA's protections can be complex, "Hawaii's protection of a person's health information is based on an overarching constitutional principle of informational privacy that prohibits the disclosure of health information outside the underlying litigation without a showing of a compelling state interest."  Id. at 416, 322 P.3d at 956.  There, the challenged subpoena would have required the petitioner-appellant to acknowledge that the health information released could be "re-disclosed by the recipient . . . and may no longer be protected under the federal privacy regulations."  Id. at 410, 322 P.3d at 950 (emphasis omitted).  The supreme court granted the writ of mandamus and directed the trial court, in part, to order a qualified protective order for the authorized release of health information be restricted to the underlying litigation.  See id. at 423, 322 P.3d at 963; see also Brende v. Hara, 113 Hawaiʻi 424, 430-31, 153 P.3d 1109, 1115-16 (2007) (holding that personal health information is "highly personal and intimate" and that placing medical conditions at issue during litigation waives privilege for purposes of that litigation, but not beyond); HRE Rule

504(d)(3) (stating that "[t]here is no [physician-patient] privilege under this rule as to a communication relevant to the physical, mental, or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of the patient's claim or defense[.]").

Here, Ogeone's health information was not at risk of being disclosed outside of the underlying litigation. Unlike in Cohan, the subpoenas did not require Ogeone to waive her right to have any disclosed medical information used outside of the underlying litigation. At a hearing regarding discovery, it was confirmed that any authorization for medical records signed by Ogeone would only be used in connection with the subpoenas. The Circuit Court's decision not to quash the subpoenas was not "'plainly arbitrary and without support in the record.'" See Shaw, 83 Hawaiʻi at 59, 924 P.2d at 553 (citation omitted).

(6) Ogeone argues that the Circuit Court erred in granting the Motion for Summary Judgment because it was untimely. Ogeone claims that the Motion for Summary Judgment was untimely because it was served on her less than 50 days before the trial date, in violation of HRCP Rule 56. She further argues that the court's decision to permit the untimely filing was error and evidence of bias.

When a defending party files for summary judgment, the motion must be "filed and served no less than 50 days before the date of the trial <u>unless granted permission by the court</u> and for

good cause shown." HRCP Rule 56(b). Here, the Motion for Summary Judgment was timely lodged and filed in compliance with the Amended Trial Setting Status Conference Order entered on August 31, 2017. Thus, Ogeone's argument is without merit.

(7) Ogeone raises several procedural errors.

First, Ogeone claims that the Circuit Court erred in granting the Motion for Summary Judgment because Dr. Au did not file a reply to Ogeone's *amended* pretrial statement. Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) Rule 12(h) (2016)[4] requires that defendants file a responsive pretrial statement "within 60 days of the filing of the first pretrial statement." (Emphasis added). It does not require that a defendant file a responsive pretrial statement to each amended pretrial statement submitted by a plaintiff. This argument is without merit.

Second, Ogeone claims that the Circuit Court erred when it denied her motion for Judge Castagnetti to be recused. Ogeone claims that it was error when Judge Castagnetti was reassigned

---

[4] At the relevant time, RCCH Rule 12 stated, in pertinent part:

**Rule 12. READY CIVIL CALENDAR.**

. . . .

**(h) Responsive pretrial statement.** Every defendant shall file a "Responsive Pretrial Statement", served as required by Rule 5 of the Hawaiʻi Rules of Civil Procedure, that sets forth the same kind of information required in the pretrial statement within 60 days of the filing of the first pretrial statement.

. . . .

**(j) Amending pretrial statements.** Pretrial statements must be continually amended in the same manner in which answers to interrogatories must be amended.

and claims, without citing authority, that "she had to be recused" instead.

The only argument that Ogeone made was that Judge Castagnetti was biased because she had presided over another case in which Ogeone was the plaintiff and had issued adverse rulings in that case. "Recusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawai‘i 1, 9, 496 P.3d 479, 487 (App. 2021) (citation, brackets, and internal quotation marks omitted). Even assuming this issue was not rendered moot by the reassignment of the case, adverse rulings alone are an insufficient ground to remove a judge.

Third, Ogeone argues that the Circuit Court erred when it found that she was a vexatious litigant because she did not cooperate in the discovery process.

HRS § 634J-1(3) (2016) defines "vexatious litigant" as a plaintiff who "[i]n any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]"

13

In <u>Trs. of Est. of Bishop v. Au</u>, the supreme court held that trial courts are required to make a specific finding of bad faith to conclude that a litigant is "vexatious" under HRS § 634J-1(2) or (3).  146 Hawaiʻi 272, 281, 463 P.3d 929, 938 (2020).  The supreme court additionally held that "a court imposing a vexatious litigant order under HRS chapter 634J is required to make findings that set forth, with reasonable specificity, the perceived misconduct, including a finding of bad faith when applicable, and the authority under which the sanction is imposed."  <u>Id.</u> at 283, 463 P.3d at 940.  Because the trial court had failed to make such reasonably specific findings in that case, the supreme court held that the vexatious litigant sanction was deficient under HRS § 634J-1(2) and (3).  <u>Id.</u>

Here, the Circuit Court designated Ogeone a vexatious litigant pursuant to HRS § 634J-1(3), and thus was required to make a finding of bad faith and make reasonably specific findings.  <u>Id.</u>  In supporting its designation in its Order Granting in Part and Denying in Part [the Motion for Sanctions], the Circuit Court stated:

> The Court finds that during the instant litigation, while acting in *propria persona*, Plaintiff filed, in bad faith, unmeritorious motions, pleadings, or other papers, conducted unnecessary discovery, or engaged in other tactics that were frivolous or solely intended to cause unnecessary delay.  H.R.S. [§] 634J-1(3).  Plaintiff is, therefore, designated as a vexatious litigant pursuant to H.R.S. [§] 634J.

Ogeone declined to provide a transcript of the November 7, 2017 hearing on Dr. Au's Motion for Sanctions.  A transcript

14

is required "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from[.]"  HRAP Rule 10(b)(1)(A).  Without the transcript, we are unable to evaluate the extent to which the Circuit Court made more specific findings about the merits of Ogeone's filings and why she was a vexatious litigant at that hearing.  See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230-31, 909 P.2d 553, 558-59 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.") (citations, internal brackets, and quotations marks omitted).  It appears that the court found that Ogeone acted in bad faith by filing unmeritorious motions, pleadings, or other papers, conducted unnecessary discovery, and engaged in other tactics that were frivolous or solely intended to cause unnecessary delay.  On the record before us, we cannot conclude that the court abused its discretion in designating Ogeone as a vexatious litigant.  See Ek v. Boggs, 102 Hawaiʻi 289, 294, 75 P.3d 1180, 1185 (2003).

Fourth, Ogeone argues that the Circuit Court erred in granting Dr. Au's Motion for Costs before the Judgment had been entered.  Ogeone's argument that the HRCP Rule 54 requires that a motion for costs or attorneys' fees be submitted only after the entry of judgment is not supported by the operative language or any other authority brought to this court's attention.  In

addition, Ogeone declined to provide transcripts relevant to the Motion for Costs and we are unable to review the merits of her argument as to the reasonableness of the court's decision.[5]  See HRAP Rule 10(b)(1)(A); Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558.

For these reasons, the Circuit Court's August 16, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, December 12, 2023.

On the briefs:

Galina Ogeone,
Plaintiff-Appellant *Pro Se.*

John Burke,
Steven E. Tom,
(Burke McPheeters Bordner &
 Estes),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[5]     For example, HRS § 607-9(b) permits courts to charge for costs "including but not limited to . . . other incidental expenses . . . deemed reasonable by the court[.]"